### Andrew Murio v. The State.

#### No. 463. Decided October 29.

1. **Receiving Stolen Property—Guilty Knowledge.**—To constitute the crime of receiving stolen property, it is essential, under our statute, Penal Code, article 743, that the accused must have known, at the time he received it, that it was stolen; but such guilty knowledge will be implied if the circumstances were such as should have been sufficient to satisfy a man of ordinary intelligence and caution that the property was stolen.

2. **Same.**—See the opinion for facts which are held amply sufficient to support a verdict and judgment of conviction for receiving stolen property.

Appeal from the District Court of Travis. Tried below before Hon. James H. Robertson.

The indictment in this case charged appellant by two separate counts, the first for the theft of 416 pounds of coffee, and the second for receiving and concealing said coffee, knowing it to have been stolen. At his trial he was convicted under the second count for receiving and concealing said property, and given as his punishment two years confinement in the penitentiary.

The facts are sufficiently stated in the opinion.

*A. S. Houston*, for appellant.

No brief on file for the State.

SIMKINS, Judge.—Defendant was convicted of receiving stolen property of the value of $20, and sentenced to two years in the penitentiary, from which he appeals.

On the night of March 30, 1892, a freight car loaded with coffee and other products, on the International & Great Northern Railway at Austin, was broken open and about 416 pounds of coffee taken therefrom. On the morning of April 1 a portion of this coffee, 164 pounds, was found in defendant's house, spread on the floor, and covering thrown over it to resemble a bed, and in the corner was a box marked "A. Frank & Co., San Antonio." When the coffee was found, defendant hung his head and said nothing, but that he could not speak English nor the sheriff speak Spanish.

Three witnesses, defendant's wife being one, proved that one Nestoro was indebted to defendant, and told him he had coffee which he had taken on a debt, and he wanted defendant to sell some of it on commission and pay himself, and he delivered the coffee to him for that purpose. That defendant is a Mexican and can not speak English. J. Reed, a wood dealer in Austin, testified to defendant's honesty and industry.

The only rebutting testimony was the witness Nestoro, who denied giving the coffee to defendant; but it was admitted that he was under indictment for the theft of the same goods. There is no question that the coffee found in defendant's possession had been stolen from the freight car on the International & Great Northern Railway. It was sufficiently identified. The only question that demands consideration is the sufficiency of the testimony to sustain the conviction.

Before he received the coffee defendant was informed by Nestoro that he, Nestoro, had taken the coffee in payment for a debt. Under the statute the party receiving the stolen property must know it was stolen (Penal Code, article 743; Wilson's case, 12 Texas Court of Appeals, 481); and guilty knowledge and the receiving of the stolen goods must concur. Arcia's case, 26 Texas Ct. App., 193; Nourse's case, 2 Texas Ct. App., 304. But guilty knowledge can be implied if defendant received the goods under circumstances sufficient to satisfy a man of ordinary intelligence and caution that the goods were stolen. Desty's Crim. Law, 147a; Commonwealth v. Firm, 108 Mass., 466. Conceding that defendant received the goods from the witness Nestoro to sell on commission, yet the fact that when Nestoro proposed to defendant to deliver him the coffee, defendant asked where he got it, strongly suggesting previous acquaintance with Mr. Nestoro alias Sanches (as he is called by defendant's wife and witness), and the further fact, that when Nestoro brings him the coffee, at night, it is unboxed and the packages are arranged in the form of a bed and covered, may have been regarded by the jury as ample proof of guilty knowledge, and we can not say that they are not justified in so finding.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.