## BAYLIS CLAYTON v. THE STATE.

*No. 21. Decided February 1.*

**Evidence — Confessions Made Under Arrest and Through Persuasion of Officer.** — A confession made by a defendant under arrest, to be admissible in evidence against him, must have been made after he had previously been warned that whatever he might say would be used as evidence against him. And a confession when made by a party not under arrest is not admissible against him unless it is voluntarily made, without improper influences, and without the use of threats, promises, or persuasion, especially when these latter are made by officers of the law.

APPEAL from the District Court of Lampasas. Tried below before Hon. W. A. BLACKBURN.

The indictment in this case contained four counts—two for theft from the person, one for theft, and one for receiving and concealing stolen property, knowing it to have been stolen. Appellant was convicted upon the first count, which charged him with fraudulently and privately taking from the possession and person of J. F. Findlon $25 in money, and his punishment was assessed at two years confinement in the penitentiary.

The facts with regard to defendant's confession of the crime are sufficiently stated in the opinion.

*Stinnet & Bro.*, for appellant, filed an able printed brief in the case, to show that the court erred in admitting in evidence, over defendant's ob-.jections, his confession, citing in support of their contention, Code of Criminal Procedure, article 750 and article 253; Grosse v. The State, 11 Texas Court of Appeals, 364; Searcy v. The State, 28 Texas Court of Appeals, 513; Womack v. The State, 16 Texas Court of Appeals, 178; Neeley v. The State, 27 Texas Court of Appeals, 324; Lauderdale v. The State, ante, p. 46.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the theft of money from the person of one Findlon, and sentenced to two years in the State penitentiary, from which he appeals.

The only question raised is the admissibility of the confession made by defendant. The evidence shows that the deputy marshal carried the defendant up a private stairway, and there charged him with stealing the money; and when defendant denied it, told him he need not deny it; that he was a friend to defendant and his family; that he had better confess it, and he would help him to get out of it. On defendant confessing the crime, he took him to his (the officer's) brother, who was city marshal, and defendant was placed in jail. The marshal claimed defendant was not under arrest, yet defendant in making his confession stated that if he (the officer) would let him go, he would leave the country and never come back, nor be guilty of such a thing again. We think it very evident that the confession obtained from the appellant was in no sense voluntary. It was inadmissible whether appellant at the time of making it was or was not under arrest.

If under arrest, he was not warned that any statement made by him could and might be used as evidence against him. True, the marshal states that he was so warned, but it was after the confession had been drawn from him by assurances of assistance and personal friendship for himself and his family on the part of the deputy marshal, coupled with the warning that it was useless for the appellant to deny the crime. Appellant did at first deny it, but yielded to the persuasive efforts of the deputy marshal, who admits he was deceiving him.

Appellant, having confessed, was immediately carried to the marshal for the alleged purpose of obtaining his advice, and there repeats the statement, in the presence of his supposed friends, and obviously under the same influence and persuasion that it was now no use to deny it, but he would obtain help in his trouble by a full confession. Searcy's case, 28 Texas Ct. App., 513; Grosse's case, 11 Texas Ct. App., 364.

The marshal also states, that he told appellant he was not under arrest; yet he says appellant stated, that if the marshal would let him go, he

would leave the country and never come back, nor be guilty of such a thing again. Appellant unquestionably believed himself in custody, and had a very correct idea of the situation. If he was not under arrest, then the common law rule controls, and the confession, to be admissible, must be voluntary; not obtained by improper influences, nor drawn from defendant by means of threats, promises, nor persuasion. Womack's case, 16 Texas Ct. App., 178; Rice v. The State, 22 Texas Ct. App., 654; Neeley v. The State, 27 Texas Ct. App., 324; Searcy v. The State, 28 Texas Ct. App., 513. For the admission of the confession, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.