## WHITE *v.* STATE.

Opinion delivered December 14, 1901.

CONFESSION—ADMISSIBILITY.—A confession in an arson case, procured by a promise of the prosecuting witness that if defendant would confess he would not bother him nor tell anyone, is inadmissible.

Appeal from Lincoln Circuit Court.

ANTONIO B. GRACE, Judge.

Reversed.

*D. H. Rousseau,* for appellant.

The confession was improperly admitted in evidence. 66 Ark. 505; 1 Greenl. Ev. §§ 219, 223; 125. Mass. 210; 10 Pick. 489; 11 Ark. 408; 50 Ark. 305. Even if the confession had been admissible in evidence, it was error to refuse the second instruction prayed by appellant, cautioning the jury as to the proper value of extra-judicial confession. 6 Am. & Eng. Enc. Law (2d Ed.), 579, 580; 34 Ark. 654; 18 Fla. 491; 119 Mass. 61; 33 N. Y. 596; 16 Mo. 387; 34 Fed. 735; 48 Ia. 484; 116 Mass. 61.

*George W. Murphy, Attorney General,* for appellee.

The evidence does not show that the confession was improperly obtained. 66 Ark. 505.

BATTLE, J. Stephen White was accused and convicted of arson, committed by burning a dwelling house of William McDonald in Lincoln county, in this state.

In the trial of White it was shown that the house was burned. William McDonald, the owner of the house, testified, in part, substantially, as follows: "The defendant made three statements to me about the burning of the house. The first he told me that Bill Smith burnt it, and told me to go to John Simmons' wife, who was a fortune teller, and she would tell me all about it. At another time, he told me that a black man burnt it. I said to him, 'If you will tell me, I won't bother you; I won't tell anyone.' He then told me that he burnt it, and that, if I would let him off, he would give me twenty or twenty-five dollars. I got him with Lawrence

Johnson, and tried to get him to tell it before him, but he said again that a black man burnt it." The defendant thereupon moved the court to exclude the confession from the evidence, and the court overruled his motion. In this the court erred. The evidence was inadmissible. The confession was made under the promise of the prosecuting witness, the owner of the house, that he would not be exposed or troubled by him (the witness) if he confessed. *Sullivan* v. *State,* 66 Ark. 506.

As the evidence, without the confession, did not clearly show that the accused was guilty of the offense charged against him, the error committed was prejudicial, and the judgment of the trial court should be set aside; and it is so ordered.