PEGGY FRAZIER V. THE STATE.

No. 6953.   Decided December 20, 1922

**1.—Receiving Stolen Property—Other Offenses—Rule Stated.**

In prosecutions for receiving stolen goods, guilty knowledge is the gist or substance of the offense to be established by the prosecution; and evidence of collateral offenses is admissible to establish such knowledge.   Following, Harwell v. State, 22 Texas Crim. App., 251.

**2.—Same—Case Stated—Other Offenses.**

Where, upon trial of fraudulently receiving stolen property, the evidence brought defendant into such close relation with his companion defendant and the alleged theft at the time was so nearly co-incident with the offense under consideration as to render it necessary in proving the offense on trial to prove also the offense committed at another place about the same time, there was no reversible error.   Following, Murio v. State, 31, Texas Crim. Rep., 210, and other cases.

**3.—Same—Evidence—Charge of Court—Other Offenses.**

Where the indictment charged separate counts, one for theft and one for receiving and concealing stolen property, evidence as to the theft was admissible, and this principle also applies to the charge of the court thereon, and the intimacy of the association of the defendant and his companion at the time of the theft and the receiving of the stolen property, their acting together, etc., in the theft at another place, so linked the two offenses to each other as to render them inseparable, there was no reversible error; the court properly limiting the testimony.

Appeal from the District Court of Ellis.   Tried below before the Honorable W. L. Harding.

Appeal from a conviction of fraudulently receiving stolen property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No  brief on file for appellant.

*C. L. Stone,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for fraudulently receiving stolen property; punishment fixed at confinement in the penitentiary for a period of two years.

The burden was upon the State to prove that the goods were stolen; that the appellant received them from W. E. Frazier, the person named in the indictment, and that she knew that they were stolen. The evidence shows that a very short time before her arrest, she and Frazier were riding together in an automobile in the town of Waxahachie; that it was near Cheeves Bros. store; that a few moments later she and Frazier were in Cheeves store; that they left there in company with each other, walking arm in arm; that at the time they left, Frazier was in possession of certain goods stolen from Cheeves Bros. store; that on leaving that store, Frazier fled, was pursued, and the goods stolen from Cheeves store found in his possesion, or at least, found where he was seen to have put them; that appellant walked on the street and was accosted by two of the employees in Cheeves store and charged with the theft from that store; that she spoke to a man upon the street, told him that she was sick, and pointing to an automobile in which she had been previously riding with Frazier, requested the man to bring it to her. He did not comply with this request, however. A few moments thereafter, the sheriff took possession of the car mentioned and found in it some wearing-apparel belonging to the appellant and certain goods which, on the same day, had been taken from a store in Waxahachie known as the Fair Dry Goods Company store, which was nearby that of Cheeves Bros. Later, appellant and Frazier were released from jail upon bond presented by the same attorney and left the city of Waxahachie in the car mentioned.

Objection was made to the testimony showing the theft from Cheeves Bros. store upon the ground that it was a different offense from that upon which the prosecution is based, in that the indictment charged the goods to have been stolen from C. R. Owens, (who was the manager of the Fair Dry Goods Company store). It is believed that this evidence was admissible for the purpose of proving guilty knowledge on the part of the appellant. Knowledge that the property was stolen is an element of the offense. Penal Code, Art. 1349. In Wharton's Crim. Evidence, Sec. 35, it is said:

"In prosecutions for receiving stolen goods, guilty knowledge is the gist or substance of the offense to be established by the prosecution; and evidence of collateral offenses is admissible to establish such knowledge."

Of course, there are limitations upon this rule. Upon the same subject, see Cyc. of Law & Proc., Vol. 34, p. 525; Harwell v. State, 22 Texas Crim. App., 251. The evidence developed brings the appellant, the alleged received of the property, into such close relations with Frazier, the alleged theft, at a time so nearly coincident with the offense under consideration as to render it necessary in proving the offense on trial, to prove also the offense committed at Cheeves Bros. store about the same time. See Underhill on Crim. Evidence, Sec. 88. Guilty knowledge may be implied from circumstances.

Murio v. State, 31 Texas Crim. Rep., 210; Johnson v. State, 42 Texas Crim. Rep., 440; Morgan v. State, 31 Texas Crim. Rep., 1; Polin v. State, 65 S. W. Rep., 183.

In the same indictment are separate counts. The appellant was charged with the theft of the goods. Evidence admissible under that phase of the indictment cannot be complained of, though it might not have been proper under an indictment containing only the count charging the fraudulent receiving alone. This principle applies also to the charge of the court. The intimacy of the association of the appellant and Frazier at the time of both transactions, their possession and use of the same automobile in which the stolen property was found, their acting together in the theft from Cheeves Bros. store so linked the two offenses to each other as to render them inseparable. Lynne v. State, 53 Texas Crim. Rep., 375; Burnett v. State, 83 Texas Crim. Rep., 97 and authorities cited. In writing the charge, the court properly limited the testimony to the uses to which it was permissible that it be applied.

We find no error in the judgment. It is therefore affirmed.

*Affirmed.*