## ALBERT HANUS V. THE STATE.

No. 9633. Delivered February 10, 1926.

Rehearing granted June 25, 1926.

### 1.—Arson—Confession of Accused—Voluntary Character.

Where, on a trial for arson, the state was permitted to introduce a confession of the accused, made in full compliance with the law, but which was objected to by appellant on the ground that it was induced by the owner of the burned premises, on his promise that he would help the accused all he could, if he was guilty, and confessed his guilt, no error is shown in the admission of such confession.

### 2.—Same—Continued.

It is the well settled rule in this state that to render a confession inadmissible, upon the ground that it is induced by the promise of some benefit to a defendant, such promise must be made or sanctioned by a person in authority. See Branch's Ann. P. C., page 41, citing Thompson v. State, 19 Tex. Crim. App. 614, and other cases. But see opinion on rehearing.

#### ON REHEARING.

### 3.—Same—Confession of Accused—Its Voluntary Character—Question for Jury.

On reconsideration we are of opinion that the court was in error in failing to submit to the jury the question of the voluntary character of the confession of appellant introduced by the state. This confession was made by appellant a short time after his arrest. When he was brought into the presence of the owner of the burned premises by officers, and in their presence he was urged by said owner, a Catholic priest in whose church appellant was a member, to confess that he was guilty, and that he, the said owner of the property, would help him. Afterward, in the presence of the county attorney, when urged by the priest, on a renewal of his promise to help him, he signed the confession, which on the trial he denied to be true.

### 4.—Same—Continued.

Art. 810 Vernon's Tex. Crim. Stats., Vol. 2, naming the conditions upon which a confession may be received, discloses that it *must be vol-*

*untary*, unless it results in disclosing facts or circumstances found to be true, which conduces to establish his guilt. The burden of proof to show that no improper inducements exists, when the confession is made, is upon the state. See Wharton's Crim. Ev., Vol. 2, 10th Ed. Following Williams v. State, 37 Tex. Crim. Rep. 474, and other cases cited.

### 5.—Same—Continued.

While the confession to be inadmissible must be made upon inducements and promise of some benefit to defendant, and must be made or sanctioned by a person in authority, the actual relations between the parties, and perhaps the actual relations, as it actually appeared to the accused, is the controlling factor. Among the persons coming within the meaning of "persons in authority" are officers and prisoners, the *injured party* and the accused, and employer and employee. See Wharton on Crim. Ev., Sec. 650a.

### 6.—Same—Continued.

It has often been held that a confession made in the presence of a person in authority, upon inducements offered by others, is involuntary, on the principle that such inducement receives the sanction of the persons who are present. The test is, whether the accused was likely to view the promise as authoritative, and this test is to be determined by the standard of the person confessing. See Wharton on Crim. Ev., Secs. 650a and 652. Also see opinion on rehearing for collation of other authorities For the reasons above stated the motion for rehearing is granted and the cause reversed and remanded.

Appeal from the District Court of Lavaca County. Tried below before the Hon. Lester Holt, Judge.

Appeal from a conviction of arson, penalty two years in the penitentiary.

The opinion states the case.

*H. S. Paulus* and *C. L. Stavinoha* of Hallettsville, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is arson, the punishment is two years in the penitentiary.

The only serious complaint made by the appellant is at the action of the court in permitting the state to introduce in evidence the voluntary statement made by the accused. The confession sufficiently complies with the statute as to form, and if it was voluntarily made, it was admissible. There seems to be no controversy but that appellant was duly warned by the County Attorney, the officer who took the confession. The objection to its voluntary character is based on the proposition that

the Rev. G. Kuratko, a Catholic priest, the party whose house was burned, told the defendant while he was under arrest that Kuratko believed that defendant had burned the barn, and if he did burn it, to go ahead and tell the truth about it, and he, Kuratko, would help him all he could. Appellant admitted signing the confession before the County Attorney, and does not claim that the County Attorney made any representations causing him to sign the said statement. He contends, however, that the statement was not true, and that by reason of the representations made to him by the injured party, Kuratko, "that he would help him all he could," that he was thereby induced to sign same, and that same was not such a voluntary statement as the law contemplates. For the above reasons appellant objected to the introduction of the voluntary statement. It is a well settled rule in this state that:

To render a confession inadmissible upon he ground that it was induced by the promise of some benefit to defendant, such promise must be made or sanctioned by a person in authority.

As sustaining this rule, Mr. Branch on page 41 of his Ann. Penal Code, cites the following cases: Thompson v. State, 19 Tex. Crim. App. 614; Rice v. State, 22 Tex. Crim. App. 654; 3 S. W. 791. Carr v. State, 24 Tex. Crim. App. 562; 7 S. W. 328; Neeley v. State, 27 Tex. Crim. App. 329; 11 S. W. 376; Cannada v. State, 35 Tex. Crim. Rep. 178; 32 S. W. 771; Carlisle v. State, 37 Tex. Crim. Rep. 108; 38 S. W. 991; Anderson v. State, 54 S. W. 581; Williams v. State, 65 S. W. 1059; Brown v. State, 45 Tex. Crim. Rep. 139; 75 S. W. 33.

The case of Rice v. State, supra, seems to be clearly in point. The witness Kuratko was not a person in authority, as that term is construed by the decisions of this court, nor do we think any reversible error is shown in the court's failure to submit this issue to the jury.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant insists that we reconsider the complaint of the refusal to submit to the jury

the question whether the confession made by the appellant was voluntary.

From the testimony of Karutko, it appears that he was the owner of the barn that was burned; that on the day it was burned the appellant was brought to the witness by officers and in the presence of the officers a conservation took place. From the testimony of Karutko we quote:

"I do not remember the exact words I said to him in regard to the burning of the barn, but anyway, I told him I heard he had burned it. He was all scared up, or at least, he looked that way. He was handcuffed, and I told him, 'Now you are in it, and you had just as well go and tell the whole thing.' I told him, 'You are in it. I am sure you burned it, and if you tell the whole thing I will try to help you out,' because I had suspicions that there were others in it. I told him to tell the whole thing. I told him to tell them that he did it and acknowledge it and if I could help him I would. I told him I would help him."

Appellant testified and denied the offense. He was arrested by Jaresh and Hermes. They came to his home, exhibited a pistol, ordered him to "stick 'em up," put handcuffs on him and directed that he get into their automobile. From the appellant's testimony we quote:

"After they put the handcuffs on me they put me in the car and took me to Father Karutko's barn, and when I got there, Emil Jalufka and Father Karutko were there. Emil Jalufka is a brother-in-law of mine. * * * Father Karutko came to the car. He is a Catholic priest and I am a member of his church. I know him. He married me. Father Karutko asked me whether I did it—I mean, whether I set the barn on fire and I told him I didn't. I told him 'no.' Then he said I did it and that I might as well admit it, and that he was going to help me. He said if I would say I did it he would help me like he helped Emil Jalufka. He told me to say that I did it and he would help me out of it. Emil Jalufka was charged with a felony in this court. At first I told him that I had not burned the barn, but he told me if I would say I burned it he would help me like he helped Jalufka. I knew that Emil Jalufka had been charged with a felony.

"After that they took me to Hallettsville, but they did not take the handcuffs off me.

"After Father Karutko said he would help me if I would say I did it, I told him, 'All right. I will say it.' I told him I was going to say I did it.

"They brought me to Hallettsville, and I signed the paper you

show me (Exhibit No. 1). I was in the County Attorney's office when I signed it. Tom Jaresh, O. E. Hermes and Father Karutko and myself were present when I signed it.

"That statement is not true. The reason I made the statement was because Father Karutko told me to say I burned the barn and he would help me. In other words, I signed it because Father Karutko told me he would help me out."

Appellant reiterated a number of times the statement that he did not burn the barn; that the written statement prepared in the County Attorney's office and signed by him was not true; that he made it upon the faith of being helped by Father Karutko, as his brother-in-law had been helped by the priest. His brother-in-law had been charged with a felony but with the aid of Father Karutko it had been reduced to a misdemeanor. Karutko also testified that while in the County Attorney's office and while the statement was in the course of preparation through questions propounded to the appellant, the witness promised to help the appellant. Karutko said:

"During the time he was telling this story to the County Attorney, he asked me if I would help him and I told him I would."

In the statute it is said:

"The confession of a defendant may be used in evidence against him if it appear that the same was freely made without compulsion or persuasion." Vernon's Tex. Crim. Stat., Vol. 2, Art. 809.

Art. 810, Vernon's Tex. Crim. Stat., Vol. 2, naming the conditions upon which a confession may be received, declares that *it must be voluntary,* unless it be one which results in disclosing facts or circumstances found to be true which conduce to establish his guilt. There is no suggestion that the present confession comes within the exceptions.

"The burden of proof showing that no improper inducement existed when the confession was made falls upon the state." (Wharton's Crim. Ev., Vol. 2, 10th Ed., p. 1295, Sec. 622j. See also Sec. 218.)

Texas precedents to the same point will be found in Williams v. State, 37 Tex. Crim. Rep. 474; Binkley v. State, 51 Tex. Crim. Rep. 55; and other cases collated in Branch's Ann. Tex. P. C., Sec. 66. In the same section, it is said:

"To render a confession inadmissible upon the ground that it was induced by the promise of some benefit to defendant, such promise must be positive, and must be made or sanctioned by a

person in authority and it must also be of such character as would be likely to influence the defendant to speak untruthfully."

This declaration is in accord with many decisions of this court which are collated in the section mentioned and with the common law as well.

Among the persons coming within the meaning of "persons in authority" are officers and prisoners, *the injured party and the accused,* and employer and employee.

"The actual relations between the parties, and perhaps the relation as it actually appeared to the accused, is the controlling factor." (Wharton's Crim. Ev., Sec. 650a.)

The mere presence of persons in authority is not sufficient to render the confession involuntary, but

"It has often been held that a confession made in the presence of a person in authority, upon inducement offered by others, is involuntary, on the principle that such inducement receives the sanction of the persons who are present." (Wharton's Crim. Ev., Secs. 650a, 652b.)

An element to be considered is likewise the condition of the accused, touching his age, experience, intelligence, mental and physical conditions.

"The test is whether the accused was likely to view the promise as authoritative. And this test is to be determined by the standard of the person confessing." (Wharton's Crim. Ev., Sec. 652.)

Touching the circumstances which, in judicial decisions, have been regarded as sufficient, if found true, to show the confession to have been involuntary, many citations are found in the notes under the case of Ammons v. State, 80 Miss. 592, 18 L. R. A. (N. S.) 850. Omitting the cases which are not analogous to the facts of the present instance, we advert to the case of White v. State, 70 Ark. 24, 65 S. W. 937, and others. White was charged with arson for burning the house of McDonald. He confessed to McDonald. We quote from the opinion as follows:

"I said to him, 'If you will tell me, I won't bother you, I won't tell any one.' He then told me that he burned it. * * *

"The confession as made under the promise of the prosecuting witness, the owner of the house, that he would not be exposed or troubled by him (the witness) if he confessed."

The facts before the court and the conclusion reached by the Supreme Court of Vermont in the case of Walker v. State, 34 Vermont, 296, were not dissimilar from those in the case from which the quotation is taken. In the Vermont case the offense

was arson. A like ruling was made in Sullivan's case, 66 Ark. 506, 51 S. W. 828; also in Womack, 16 Tex. Crim. App. 178. The promise was made by the injured party. In neither of the cases mentioned was there evidence, as there is in the present case, supporting the inference that the promise made by the *injured party* was sanctioned by the officers who had custody of the accused. Under the text cited in Wharton's Crim. Ev., Sec. 652b, are cited many decisions supporting the proposition that a promise made in the presence of officers and with their sanction brings the promise within the category of one made by a person in authority. In the California case of Peoples v. Silvers, 92 Pac. 506, Silvers was charged with arson. He made his confession in the presence of one of his employers. The accused at the time was in the custody of his employer and appeared affected. His employer told him to brace up, that it would be better for him to tell everything that he knew. The court said:

"The statement urging the defendant to confess being made in the presence of the District Attorney and not contradicted, may well have been construed as a promise of favor if he confessed, rendering the confession not voluntary."

In the present case, the inducement relied upon was made by the injured party, the priest of whose church the appellant was a member and who, on a former occasion, had helped a relative of the appellant when charged with a felony. The promises were made in the presence of peace officers and the prosecuting attorney who took the confession, under circumstances calculated to create the inference that they were sanctioned by the officers. We think upon principle and authority that at least a question of fact arose with reference to the voluntary nature of the confession. The precedents are numerous to the point that where the evidence, tested by the rules stated above, raises an issue of fact touching the voluntary character of the confession, the court should submit the issue to the jury. See Branch's Ann. Tex. P. C., Sec. 75, p. 46; also Morris v. State, 39 Tex. Crim. Rep. 376; Cortez v. State, 43 Tex. Crim. Rep. 383; McVeigh v. State, 45 Tex. Crim. Rep. 17; Blocker v. State, 61 Tex. Crim. Rep. 413.

Because of the refusal of the court to give the jury appropriate instructions to disregard the confession if not voluntary, the motion for rehearing is granted, the affirmance is set aside, the judgment reversed and the cause remanded.

*Reversed and remanded.*