## POWELL WHEATLEY v. THE STATE.

### No. 13852. Delivered January 21, 1931.

The opinion states the case.

*E. T. Adams,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of personal property over the value of $50.00. Punishment assessed was two years in the penitentiary.

The evidence shows that on the night of March 30, 1930, the private residence of Boss Reynolds was burglariously entered and $1,700.00 stolen. Reynolds testified to no fact pointing towards discovery of the guilty parties. The State introduced the written confession of appellant admitting his participation with another in the commission of the crime, and getting part of the money. A deputy sheriff testified that he went to the home of appellant and found buried in a jar $440.00. Nothing which appears in appellant's written confession led to finding the money. In his motion for new trial appellant averred misconduct of the jury, and brings forward in bill of exception number one the evidence produced upon the hearing of the motion. The averments of the motion were not sustained.

The only other question is a complaint at the action of the court in declining to withdraw from the consideration of the jury appellant's confession, the withdrawal being sought on the claim that it was not a

voluntary confession, but had been secured under a promise of immunity sanctioned by the county attorney of Somervell County. The confession contains the statutory warning. As a further predicate for its introduction in evidence the State used as a witness the assistant county attorney who took the confession. He said appellant was properly warned and that no kind of "inducement or persuasion * * * was made by anybody to have the defendant make this statement * * *" (referring to the confession in question.) To raise the issue that the confession was not voluntary appellant relied upon the testimony of Roe Hankins and Jess Clayton. Appellant did not testify. Neither Hankins nor Clayton were officers of any kind. Hankins says he "undertook to investigate the disappearance of that money looking forward to recovering it and apprehending the man who took the money." At whose instance he undertook such investigation is not stated by him, nor shown by other testimony. His evidence is substantially that he found it difficult to secure any statement from appellant or his companion, and that in company with Clayton he went to the county attorney and so reported to him; that witness secured an agreement from the county attorney which he conveyed to appellant, to the effect that if he would make a confession about the matter the county attorney would see that he got a suspended sentence; that after such representations to appellant he did make the confession used by the State. Clayton's evidence was substantially the same as that of Hankins. The county attorney specifically denied that he had made any such agreement as that asserted by Hankins and Clayton, but claims that he told them that the question of suspended sentence was a matter over which he had no control and that he understood the statute did not permit a suspended sentence in the character of case under investigation. The State in no way relied upon the testimony of either Hankins or Clayton to make out a case against appellant. If they were acting at the instance of the sheriff or any other peace officer in their efforts to detect the perpetrator of the crime it is not so made to appear by the record.

In Branch's Ann. Tex. P. C., Sec. 66, page 41, is found the following statements, supported by many authorities collated therein: "To render a confession inadmissible upon the ground that it was induced by the promise of some benefit to defendant, such promise must be positive, *and must be made or sanctioned by a person in authority;* and it must also be of such character as would be likely to influence the defendant to speak truthfully."

As to what is meant by a "person in authority" was discussed at great length in Hanus v. State, 104 Texas Crim. Rep., 543, 286 S. W., 218. It is clear, we think, from that case and the authorities referred to therein, that Hankins and Clayton were not persons in authority, unless they were acting under the sanction of the county attorney. The learned

trial judge, grasping the real issue, submitted it to the jury in the following language: "If you find from the evidence, or have a reasonable doubt thereof, that the confession of the defendant introduced in evidence was made by reason of a promise by the county attorney that he would recommend a suspended sentence for the defendant if he would confess and tell where the money was located and that said promise, if any, was conveyed to the defendant by the witnesses, Hankins and Clayton, and that by reason thereof the defendant made the confession introduced in evidence, then you are instructed that you must not consider said confession for any purpose, and if you so find, or have a reasonable doubt thereof, then you will disregard said confession and in that event acquit the defendant."

By his action in overruling the motion to withdraw the confession we must assume that the court in the first instance solved the question against appellant's contention upon the disputed issue, otherwise he would have withdrawn the confession, but realizing that it raised an issue of fact he also submitted it to the jury for their consideration. We need not stop here to discuss whether it was necessary for him to submit the issue to the jury, but refer to Bingham v. State, 97 Texas Crim. Rep., 596, 262 S. W., 747. We hold that it was within the discretion of the court to determine in favor of the State·the issue whether the confession was voluntary, and in deciding that it was he did not abuse his discretion. No complaint is made because he also passed the issue to the jury for their determination. The bill of exception presents the sole question that the court was in error in failing to withdraw the confession entirely from them.

The judgment is affirmed.