## J. W. ETHRIDGE v. THE STATE.

No. 19200.   Delivered November 24, 1937.

The opinion states the case.

*T. H. Yarbrough* and *Donald & Donald,* all of Bowie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of fraudulently receiving and concealing stolen property over the value of fifty dollars, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The testimony adduced by the State, briefly stated, shows that on or about the 25th day of April, 1936, an automobile was stolen from R. N. Cluck in the town of Cisco. Sometime later, the automobile, or at least some parts of it, were found in the possession of the appellant near the town of Bowie, Texas, and were identified by Cluck as parts of the car stolen from him.

Appellant made a written confession, in which he admitted that he received the car or parts thereof, from his son-in-law, knowing at the time that it was "hot." The officers who made a search of his premises with his consent, found a number of cars stored on the premises, covered with hay, brush, etc. They also found a great many parts of automobiles stored in the cellar, attic, loft of his barn, and under haystacks.

At his trial, appellant repudiated his confession, and most vigorously asserted that he had no knowledge that the property was stolen property; that he was merely permitting his son-in-law to store the property so found, on his premises.

Bill of exception number one recites that R. N. Cluck was permitted to testify that someone stole his car about the 25th day of April, 1936; that he saw it next on or about 16th day of October at Bowie, Texas, in possession of the law. Appellant objected to all of said testimony on the ground that the same called for a conclusion of the witness. We can not agree with him. It was incumbent upon the State to prove: (1) That Cluck's car was stolen; (2) that parts of it were found in the possession of appellant; (3) that he had received it from someone who had acquired it in such a manner as to bring it within the meaning of the term "theft"; and (4) that he had received or secreted it, knowing it to be stolen property.

Consequently, the testimony objected to was admissible.

Bills of exception numbers two and three complain of the testimony given by Charles Jackson, to the effect that he found several automobiles in a garage and in a barn, covered with hay or feed-stuff, and some covered with brush; that he also found many parts of automobiles in the cellar, attic, etc.; that he found the body of a blue Chevrolet, which was identified by Mr. Cluck as the body of his car which was stolen on the 25th of April. The objection thereto, was that it was irrelevant, immaterial, and highly prejudicial in that it failed to show that any of the property except the body, fenders, and radiator of the car was stolen property.

These are circumstances from which an inference might be drawn that appellant knew the property was stolen. The State's case rested largely upon circumstantial evidence, and in such cases greater latitude is allowed in the admission of circumstances which tend to throw light upon any issue in the case. The fact that part of the property found on appellant's premises was stolen, and the further fact that other automobiles were found, covered with hay and brush, and many parts were found in places where they were hidden from view, and some were found under haystacks, was a circumstance which tended to show knowledge on the part of appellant that the property which he was receiving was stolen. Frazier v. State, 93 Texas Crim. Rep., 129.

Appellant also complains of the action of the court in declining to give his special charge number two, to the effect that unless the jury believed from the evidence beyond a reasonable doubt that the statement of the defendant, J. W. Ethridge, introduced in evidence by the State, was made without promise of aid or hope of reward, they should not consider it for any purpose against the defendant. We think that the court in declining to submit the issue to the jury, fell into error, because the appellant testified that on the morning following the night when he was placed in jail at Henrietta, the officers asked him to make a statement; they told him that if he made a statement, they would help him. They told him also that they would "put him on the ground right away" if he would "shoot square and make a statement." He asserted that upon such a promise on the part of the officers, he did give them the statement offered in evidence.

Article 726, Code Criminal Procedure, provides as follows: "The confession of the defendant may be used in evidence

against him if it appear that the same was freely given, without compulsion or persuasion," etc.

It is apparent from the statute above quoted that the confession of the defendant may be used in evidence against him only if it appears that the same was freely made, without compulsion or persuasion.

The State, however, contends that the bill fails to show that the officer taking the confession was a person in authority to grant aid or leniency. Wharton on Criminal Evidence, Section 650-a, in discussing the meaning of the "person in authority," says:

"The actual relation between the parties, and perhaps the relation as it actually appeared to the accused, is the controlling factor." The same author further says: "The test is whether the accused was likely to view the promise as authoritative, and this test is to be determined by the standard of the person confessing." The injured party, the employer of the accused, and officers, have been held to be within the meaning of "persons within authority."

In the case of Clark v. State, 119 Texas Crim. Rep., 50 (56), this court said:

"The opinion is expressed that the officer taking the confession was a 'person in authority.'" Hence, appellant's special requested charge or one of like import, should have been submitted to the jury. See Blocker v. State, 61 Texas Crim. Rep., 413; Harden v. State, 211 S. W., 233; Hanus v. State, 104 Texas Crim. Rep., 543 (548); Knight v. State, 55 Texas Crim. Rep., 243; Clayton v. State, 21 S. W., 255.

If, upon another trial, there should be testimony from any source that Albert Nichols purchased an automobile from Stevens at Fort Worth, the body of which was identified by Cluck as the body of the car which was stolen from him, and thereby the issue is raised of whether it was or was not the body of Cluck's car, that issue should be submitted to the jury in an affirmative way.

In view of the disposition we are making of this case, we do not deem it necessary to discuss the other questions presented, as they might not arise again in the same way, and perhaps not at all, upon another trial.

For the error above discussed, the judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.