204 So.2d 463 (1967)
L.V. McELROY
v.
STATE of Mississippi.
No. 44412.
Supreme Court of Mississippi.
November 20, 1967.
*464 W.D. Kendall, Jackson, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
L.V. McElroy was convicted of the crime of grand larceny in the Circuit Court of Madison County and sentenced to serve a term of five years in the penitentiary. This appeal is from that conviction and sentence.
The larceny with which McElroy was charged involved the theft of certain cattle. The owner of the cattle was placed on the stand as a witness for the prosecution, and, on direct examination, testified that McElroy, who was his employee, had admitted to him that he took the cattle. Counsel for appellant objected and the court overruled the objection. On cross-examination, it was developed for the first time that the owner had requested permission to interview McElroy after he had been arrested and placed in jail and that the confession to which he had testified had been made to him while McElroy was in custody. Whereupon, counsel for appellant asked leave to make a motion, but instead the district attorney again took the witness on redirect-examination. In the presence of the jury, the witness was then permitted to testify that he had made no threats nor promises to McElroy to induce the confession. Appellant's objection to this testimony was overruled by the court. The examination continued, the witness reiterated his statement that appellant had admitted his guilt to him, and added that there were "a considerable number of other cattle involved other than this." *465 Counsel for appellant at this point moved for a mistrial.
The court invited counsel to join him in chambers. In chambers, out of the presence of the jury, appellant's counsel renewed his motion for a mistrial upon the ground that the witness had been permitted to testify that cattle were "involved" other than those for the theft of which appellant was on trial and that this had prejudiced appellant's defense. The court overruled the motion.
Appellant then moved to exclude the confession, which the owner of the cattle had testified McElroy had made to him after McElroy was in custody, upon the ground that it had been permitted to go to the jury without a preliminary inquiry, out of the presence of the jury, as to whether or not it had been voluntary. The court overruled this motion.
In support of his argument that the latter action of the trial court constituted reversible error, appellant cites Agee v. State, 185 So.2d 671 (Miss. 1966); State v. Foster, 25 N.M. 361, 183 P. 397 (1919) and Sullivan v. State, 66 Ark. 506, 51 S.W. 828 (1899).
If not induced by promises or threats, the confession was competent. But while it is entirely possible that appellant confessed the crime to the owner of the cattle under circumstances rendering it admissible against him, he was entitled to a hearing upon this question in the absence of the jury, before it was admitted in evidence. The failure of the court to afford such a hearing, or, alternatively, to exclude, was prejudicial error and requires the reversal of appellant's conviction and a remand of the case for a new trial.
Appellant urges that, in order to render the confession admissible, although made to a private individual, the warnings required by Miranda were necessary. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We do not agree. Schaumberg v. State, 432 P.2d 500 (Nev.Sup.Ct., Oct. 11, 1967).
Even so, it is necessary to establish, in order that a confession, made under circumstances such as those disclosed by the evidence in this case, may become competent against the accused, that it was freely and voluntarily made and was not the result of coercion or induced by promises.
Also, upon retrial of the case, evidence that cattle had been stolen other than those for the theft of which McElroy was on trial, should not be admitted. Dedeaux v. State, 125 Miss. 326, 87 So. 664 (1921); Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077 (1892).
A motion was made to quash the indictment, based upon allegations that the venire from which the grand jury had been drawn, "was not selected and summonsed in the manner provided by law, as will be hereinafter shown in detail."
After stating that females had been excluded from jury service, the motion charged that the "method of selection of prospective jurors discriminates against classes," without stating what method was used or what classes were discriminated against, and "does not comply with the legal requirements and standards" of Mississippi law without specifying what standards were referred to or in what respects it failed to comply. The overruling of this motion without an evidentiary hearing is assigned as error.
In the form in which it was presented, the motion was too vague, indefinite and lacking in specificity to fairly apprise the court or adversary counsel of the real nature of appellant's complaint. No facts were stated from which it might have been possible to determine in what manner and against whom there had been discrimination, or in what respects there had been a departure from lawful procedure in the drawing of the venire. The statements in the motion amounted to no more than legal conclusions of the pleader. Nor do we consider that the language of the motion *466 may now be construed as having charged the systematic exclusion of Negroes from jury service so as to have required an evidentiary hearing upon that question. If such charge had, in fact, formed the basis of the motion, it must be assumed that such a hearing would have been granted. This question, however, must be raised by a motion couched in such language as will fairly apprise the court or counsel of the true nature of the complaint. The trial court cannot be placed in error for failing to consider that the motion, which contained no statement to that effect, was intended to raise the question of systematic exclusion of Negroes from jury service.
Appellant's contention that women were excluded has been ruled upon adversely to him in Pendergraft v. State, 191 So.2d 830 (Miss. 1966).
Reversed and remanded.
ETHRIDGE, C.J., and PATTERSON, INZER and ROBERTSON, JJ., concur.