RODGERS, Presiding Justice.
One Johnny Carr Burch was indicted, tried and convicted in the Circuit Court of Rankin County, Mississippi, of the crime *250 of assault and battery with intent to kill Jessie Essex. He was sentenced to serve a term of four (4) years in the state penitentiary. From that conviction he appeals.
The appellant contends that he was not warned of his constitutional rights, and that his confession to an officer — that he shot the prosecuting witness — was involuntarily made. He also contends that an instruction granted the state was erroneous and was prejudicial error.
The appellant makes his objection to the alleged confession upon the ground that he was not given his constitutional warning under the rule in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966).
The record shows that after the defendant had been arrested, the arresting officer told the defendant that he could tell him what happened, without first warning the defendant of the consequences of his statement. The state offered to prove on the trial that the defendant admitted the crime for which he was later indicted. The defendant objected to the introduction of this testimony. The trial judge overruled the objection without the required hearing, in the absence of the jury. The confession of the defendant was given to the jury. On cross-examination of the officer, the witness admitted that the defendant was under arrest for the crime for which he was later indicted, and that he did not warn the defendant of the consequences of any statement he might make.
This Court has repeatedly held that it is the duty of the trial judge to determine the admissibility of a confession in a criminal case, in the absence of the jury. Norwood v. State, 258 So.2d 756 (Miss.1972); McElroy v. State, 204 So.2d 463 (Miss.1967); Agee v. State, 185 So.2d 671 (Miss.1966).
We are of the opinion that our holding in Brunson v. State, 264 So.2d 817 (Miss.1972), is dispositive of the facts in this case. An officer must advise a prisoner of his constitutional rights before interrogating him about the facts of the alleged crime for which he has' been arrested. The failure to so do prevents the officer from testifying about any incriminating statement the prisoner may have made as to his guilt. If the trial court permits the officer to testify, at the instance of the prosecution, about any self-incriminatory statement made by the defendant without his having been warned, the judgment of the trial court must be reversed for a trial de novo without the officer’s testimony. This is true even though there is ample evidence aside from the confession to support his conviction. Payne v. Arkansas, 356 U. S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958); Stroble v. California, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872, reh. den., 343 U.S. 952, 72 S.Ct. 1039, 96 L.Ed. 1353 (1952); Malinski v. New York, 342 U.S. 401, 65 S. Ct. 781, 89 L.Ed. 1029 (1944).
Reversed and remanded.
PATTERSON, INZER, SMITH and SUGG, JJ., concur.