Sherwood. v. Sissa.

B. F. SHERWOOD *et als.*, RESPONDENTS, *v.* EUGENE SISSA, APPELLANT.

STATEMENT NOT CONTAINING ALL THE EVIDENCE.  A verdict will not be set aside as being unsupported by the evidence, where the statement does not affirmatively show that it embodies all the material evidence bearing upon the facts found in the verdict.

CERTIFICATE OF JUDGE TO STATEMENT.  If it be stated in a statement that it contains all the material evidence, the certificate of the Judge to the correctness of the statement is sufficient to establish that fact; but a certificate that a statement is correct does not show that it contains all the evidence when that fact is not stated in it.

ADHERENCE TO ESTABLISHED RULES OF PRACTICE.  It is better to follow a wrong rule in matters of practice, which has been established and generally adopted and acted on, than to adopt a new rule to which, at some future time, equally serious objections may present themselves.

ENTRIES IN ACCOUNT BOOKS.  Where, in a suit on an account, the entries in plaintiff's books were received in evidence without objection, and the Court charged that, having been thus received, they were proof, if uncontradicted, to show the transactions and prices therein entered: *Held*, that though such entries might not have been admissible if objected to at the time, yet under the circumstances, the charge was correct.

EVIDENCE ADMITTED WITHOUT OBJECTION.  If evidence, secondary or hearsay in its character, be admitted without objection, no advantage can be taken of that fact afterward, and the jury may and should accept it as if it were admissible under the strictest rules of evidence.

PRESUMPTIONS IN FAVOR OF INSTRUCTION GIVEN.  It will be presumed by the Supreme Court on appeal, unless the contrary be shown, that all instructions given by the District Court to the jury were pertinent to the issues and the evidence.

AGENCY—RATIFICATION BY IMPLIED APPROVAL.  If a principal, being informed by his agent that an act has been done on his behalf, does not disapprove of it, but requests the agent to do something further respecting the same transaction, he ratifies the act so done for him.

ACTION BY AGENT AGAINST PRINCIPAL—TENDER OF STOCK SOLD BY AGENT.  If an agent, having stock of his principal in his hands for the purchase of which he has advanced the money, be requested to sell it, and he does so, he cannot be required to make a tender of the stock to the principal before bringing an action against him for any loss sustained in the transaction.

PRESUMPTIONS AGAINST INSTRUCTIONS REFUSED.  If an instruction be refused, which, under any state of facts, would be correct, and it be shown to be pertinent to the issues, such refusal is error; but if the instruction would be incorrect under some state of facts, and it be not shown that such was not the case, it will be presumed to be incorrect, as applied to the case made out.

APPEAL from the District Court of the First Judicial District, Storey County.

The complaint in this case contained two counts: the first, for a sum of three thousand, eight hundred and seventy-seven dollars and twenty-seven cents, for so much money paid, laid out, and expended for the use of defendant in the purchase and sale of various stocks at his special instance and request, which said sum he undertook and promised to pay; the second, for a like sum for work and labor done and performed in the purchase and sale of various stocks at defendant's instance and request, which said sum, in consideration thereof, he undertook and promised to pay.

The judgment was for the amount claimed. Among the defendant's instructions, which were refused, and which are commented on in the opinion, were the following:

1st. A broker who is employed to purchase stocks, and is authorized by usage or by an express agreement to make the purchase in his own name, without disclosing the name of his principal, has no right to maintain an action against his principal for not furnishing him with money to pay for the stocks, without showing that he had demanded payment of the price, and had transferred or offered to such principal the stock he had purchased.

2d. If the jury believe from the evidence that plaintiffs have not actually paid out the money sued for, but that Sherwood and Freeborn paid the same for the defendant, you should find for the defendant.

3d. The money sued for must be proven to have been actually paid by plaintiffs; and if the jury believe from the evidence that plaintiffs have not paid the same, they should find for defendant.

4th. Under the second count in the complaint, plaintiffs must prove that they rendered services for defendant at his special instance and request, and they must also prove what such services were reasonably worth; and if there is not any proof as to what such services were reasonably worth, you should find for defendant.

*Henry K. Mitchell*, for Appellant.

I. The following authorities support the proposition that the

evidence from the books, and the books, were insufficient. (*Kent* v. *Garvin*, 1 Gray, 148; 1 Greenl. on Ev., Sec. 115, and note 3 and authorities; Greenl. on Ev., Sec. 117 and note.)

II.   The refusing of defendant's instructions was error. (*Merwin* v. *Hamilton*, 6 Duer, 244, and authorities there cited.)

III.   The giving of plaintiff's instructions was error. (1 Gray, 148; 8 Walls, 544; 5 Walls, 432; 9 S. & R. 285; 12 Pick. 139; 3 Cush. 342; 23 Cal. 264.)

*Hillyer, Wood & Deal*, for Respondents.

I.   The Court cannot review the evidence with a view to ascertain its sufficiency to support the verdict, for the reason that it does not appear that all the evidence is in the record. (*Howard* v. *Winters*, 3 Nev. 539.)

II.   If the evidence should be reviewed it will be found to fully sustain the verdict. The books were admitted without objection, and the entries show the entire transactions between the parties, money paid for the purchase, money received from sales, amount paid for assessment, and balance as found by the verdict.

III.   The testimony shows that the purchases were made in pursuance of express instructions, and that the express sales were made in pursuance of instructions, either general or special. It further shows, which obviates the necessity of any other proof, that after all the transactions were concluded, an account was tendered to the defendant and he failed to dissent from anything done.

*Henry K. Mitchell*, for Appellant, in reply.

I.   The only certificate in any case now required by statute is that of the Judge "that the same has been allowed by him, and is correct." (Practice Act, Sec. 197.) The statute having thus specified the certificate to be attached, or to accompany the statement, the presumption is that all the evidence bearing upon or relating to the "particular specification" is contained in the statement, when such certificate accompanies it.

II.  The books were not offered or admitted in evidence.  On the contrary, counsel for defendant was replete with objections as to their admissibility when offered.  Not having been offered, no objections were, of course, interposed.

The transcript contains the following note :  " The counsel for plaintiffs, as the witness W. W. Price was being examined touching the various items of account, stated to the Court that as the said witness should testify to each item of said account from the journal, that the items so testified to would be considered as offered and introduced in evidence ; to which the Court assented and so ordered."  It appears from the above that the books were not offered in evidence, but that each item of the account testified to by the witness Price would be considered as offered and introduced in evidence.

By the Court, LEWIS, C. J. :

The respondents, Sherwood and Freeborn, recovered judgment in this action against Sissa for the sum of thirty-nine hundred and sixty-two dollars, being the balance due them for advances made in the purchase of certain mining stocks for the defendant, together with their commissions and other expenses attending the transaction.  The evidence shows that the respondents were stock brokers, having an office for the transaction of their business in the City of Virginia, but generally filling orders through their correspondents or agents in San Francisco.  It appears the defendant at various times during the year 1868 employed them to purchase certain stocks for him, which was done in accordance with his orders, the purchases being on time.  When the payments became due, however, the defendant failed to meet them, requested the plaintiffs to sell the stocks, and re-purchase them as before ; but he again failed to make the payments, and when spoken to respecting the matter he requested the plaintiffs to sell them as their judgment might dictate.  This was done, Sherwood testifying that they disposed of the stocks to the best advantage possible.  The result was that the defendant was a loser to the extent of the sum here claimed, and for which judgment is rendered.

A motion for new trial was made upon the grounds : First, that

the evidence was insufficient to support the verdict; and second, error in giving certain instructions at the request of the plaintiff, and refusing others asked by the defendant.   Under the first general ground several specifications are made as required by law. The motion being denied an appeal is taken, the same grounds being relied on here as in the Court below.

There is nothing in the statement from which it can be ascertained whether all the evidence produced at the trial upon the various points respecting which it is claimed to be insufficient, is contained in the record.   For this reason the verdict cannot be set aside upon the first assignment.   It has been several times held by this Court that a verdict will not be set aside as being unsupported by the evidence where the statement does not affirmatively show that it embodies all the material evidence bearing upon the facts found in the verdict.   (*Howard et al* v. *Winters*, 3 Nev. 539.)   Nor can any rule be more reasonable or just.   The certificate of the Judge settling the statement does not cover this fact.   He only certifies that what is embodied in the statement is correctly stated.   It cannot be claimed that his certificate goes further.   He does not pretend to certify that it contains all the evidence offered in the case, or even upon any particular point.   If it were stated that it contained all the material evidence offered upon the particular facts claimed to be unsupported, the certificate of the Judge to the correctness of the statement would of course be sufficient to establish that fact.   As the Judge only certifies that what is set out in the statement is correctly set out, we cannot understand how it shows that the statement contains all the evidence when that fact is not stated in it by the person making it up; nor do we think there is any warrant for indulging the presumption that all the necessary evidence is embraced in it.   On the contrary, the presumption always is that the decision of the lower Court is correct in every particular until it be affirmatively shown otherwise, and the Courts without exception require such showing to be made by the appellant. By this is to be understood that the party appealing must make such an affirmative showing in the upper Court as to exclude all probability of the correctness of the decision rendered against him. To presume that a statement contains all the evidence when such

is not expressly shown to be the case, and upon that presumption to set aside the decision, would simply amount to a reversal of the rule so well established and so familiar to the profession, and render it necessary for the respondent to maintain the correctness of the proceedings in the Court below rather than for the appellant to establish the contrary. There appears to be no good reason for disturbing a practice so reasonable as that heretofore established and followed in this State; and even if there were, it is not certain that it should be done, for in rules of practice certainty and uniformity are as desirable as correctness. The Court that overturns a rule of practice which has became familiar to the profession and to which it has given its own sanction, generally only involves the practice in perplexing doubts, and frequent cases of hardship and injustice are the natural and inevitable result. Hence we think it better to follow a wrong rule in matters of practice which we have ourselves established, and which has been generally adopted and acted on, than to adopt a new rule to which at some future time equally serious objections may present themselves. But as the practice heretofore followed seems not only to be eminently just and reasonable, but also in harmony with well settled legal principles, there is certainly no warrant for disregarding it and adopting a different. For these reasons we must decline to inquire whether the verdict or judgment be supported by the evidence or not.

Under the second assignment of error it is argued that the Court erred in charging the jury thus: "The entries in the books of the plaintiffs have been received in evidence without objection, and they are proof, if uncontradicted, to show the transactions and prices there entered." It will not be necessary, in the consideration of this instruction, to determine whether books of account are admissible in evidence in this State if objected to at the proper time. In many of the States they are not admissible under any circumstances, in some they are made so by statute, and again in others they are admitted when accompanied by the suppletory oath of the person by whom the entries were made. The only question which can be made upon this instruction is, whether books of account being offered and admitted in evidence without objection, should be received by the jury as evidence tending to prove the facts embodied

in the entries.  These entries certainly constituted some proof of the facts sought to be established by them—weak and unsatisfactory perhaps—still evidence.  Possibly not the best evidence of the fact, perhaps incompetent if objected to, but being admitted, as they were, they become evidence in judgment of the law by the consent and admission of counsel for the defendant.  If the books were in fact secondary evidence and incompetent, still they might be admitted by the consent of the parties.  If evidence secondary or hearsay in its character be admitted without objection; no advantage can be taken of that fact afterwards, and the jury may, indeed should, accept it as if it were admissible under the strictest rules of evidence.  These rules, so far as they require the best evidence capable of being produced, or the exclusion of hearsay is concerned, may certainly be waived by the parties interested, and in contemplation of law they are waived if no objection be made at the proper time.  No authority is perhaps necessary in support of a rule so obvious ; but we may refer to the case of *Brahe* v. *Kimball*, (5 Sand. 237) in which this very question was raised and discussed—the Court saying in respect to it : " It is not necessary to determine whether the entries in the books of the defendant which were read by the then counsel upon the trial were proper evidence of the facts they were adduced to prove.  No objection was made to them at the time, nor were they read subject to any future objection.  They became evidence therefore in judgment of law, by the admission and consent of counsel for the plaintiff, and it was. the duty of the Judge to submit them as evidence to the consideration of the jury."  It follows that the Court below properly charged the jury in this case that the books were evidence properly submitted to their consideration.

The claim that the books were not in fact offered in evidence is not warranted by the record before us.  But, however that may be, it is not shown affirmatively by the appellant that they were not ; consequently it must be presumed in favor of the action of the lower Court that they were.

Unless the contrary be shown, it must be presumed that all instructions given by the Court were pertinent to the issues, and the evidence.  It is incumbent on the appellant to make out his

case affirmatively by a showing sufficient to overcome this legal presumption.   Upon this point, for example, as it is not shown that the statement contains all the evidence, appellant should have stated the fact that the books were not offered.

The minute of Court referred to as showing that they were not certainly does not bear the construction placed upon it by counsel for defendant.   The only inference that we can draw from it is, that the books being in evidence, counsel for plaintiff suggested that they be considered as introduced in support of each item therein, as the witness Price testified to them, to which the Court assented. If the books had been admitted, of course they should be accepted as evidence in support of each item or entry contained in them without any further offer.   If they had not been actually admitted, then the order of the Court that they should be considered as offered as each item was testified to, is in effect an admission of them in evidence, and any objections to them should have been interposed at that time.   But, whatever other construction may be placed upon the very ambiguous language of this minute, it certainly cannot be held to show that the books were not admitted. There is no error in the instruction itself, therefore ; nor is it made to appear that it was not warranted by the facts of the case.

The Court also charged the jury that, " if you find, after the purchase of stocks and payment therefor by the plaintiffs, they informed defendant of such purchase, and defendant did not dissent therefrom but desired plaintiffs to carry the stocks for him a longer period, then this was a ratification of the purchase, and it was of no consequence whether the purchases were originally authorized or not.   Nor is there any question in such case in regard to a delivery, or an offer of delivery, of the stocks of plaintiff." The first portion of this instruction respecting the ratification of the purchase is undeniably correct.   Nothing can be better settled than that if the principal, being informed by his agent that an act has been done on his behalf, does not disapprove of it, but requests the agent to do something further respecting the same transaction, he ratifies the act so·done for him.   As to the second clause of the instruction, it might, under some state of facts, be incorrect ; but it was perfectly proper in connection with the evidence in this case.

Sherwood *v.* Sissa.

It appears, by undisputed testimony, that the defendant not only requested the plaintiffs to carry the stocks for him, but also to sell them to the best advantage possible. It is also shown that they were sold. Such being the case, how can there be any question of delivery, or offer of delivery, of them to the defendant. If plaintiffs were requested by defendant to sell, and they did so, certainly they cannot be required to make a tender of the stock prior to bringing an action for the loss sustained in the transaction. Had there been no express authority or request to sell, it is possible no action could be maintained for the purchase money of stock advanced by a broker until a tender of the stock were made: whether it could or not is not necessary to decide. It is only necessary here to say that it cannot be required when they have been sold by authority, as in this case. The instruction was perfectly correct, in connection with the facts of the case. The other instructions, given at the request of plaintiffs, are equally free from objection.

The first four instructions asked by the defendant and refused, were all pointed to the proposition that there should have been a tender of the stocks before this action was brought. The facts, as has already been said, do not appear to warrant such instructions, hence we must presume they were properly refused.

The fifth instruction refused also seems entirely unwarranted by the evidence. It was a matter of no consequence to the defendant that the plaintiffs had not paid for the stocks, or that their agents instead of themselves had done so. They procured the stocks for him; that was sufficient to enable them to recover their market value. But it is shown that the stocks were in fact purchased by the agents of plaintiff, and that in a settlement with them they were paid for. So there appears to be no issue or evidence whatever to call for such instruction. It was, therefore, properly refused.

Again: The seventh instruction, which it is claimed the Court should have given, assumes that there was no express promise to pay the sum claimed in the second count of the complaint. If there were, it would be entirely unnecessary to prove that the services performed were reasonably worth the amount claimed to be due. Whether they were or not does not appear. The contrary not being shown, it cannot be presumed that a state of facts existed

which would render the action of the Court below incorrect. If the instruction were one that would under any state of facts be correct, and it further appeared to be pertinent to the issues, the error would be sufficiently shown; but where, as in this case, it would be incorrect under some state of facts, and it is not shown that such was not the case, it must be presumed that it was incorrect as applied to the case made out. In other words: we cannot presume that a state of facts existed which would render the action of the Court below erroneous where the opposite presumption is equally admissible. The error must be affirmatively shown. The defendant should in some way have satisfied this Court that the instruction was pertinent to the proof; that the plaintiffs sought to recover a sum for services upon an implied contract that there was no express promise to pay; in which case it might be incumbent upon them to prove that they were reasonably worth the sum claimed. This is not done.

Our examination of the case leads us to the conclusion that the judgment below must be affirmed.

It is so ordered.

JOHNSON, J., did not participate in the foregoing decision.