JOHN PAUL LYTLE, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 21404

September 6, 1991                    816 P.2d 1082

*William B. Terry,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, *John Lukens,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

John Lytle stands convicted of open and gross lewdness and lewdness with a minor, his five-year-old stepdaughter. Lytle was charged with having engaged in self-stimulation in the company of his stepdaughter.

Although the child did testify, numerous hearsay statements made by the child to her mother, Lytle's ex-wife, and to certain police and juvenile agents were admitted at trial.

Appellant contends that the admission of the child-victim's hearsay statements at trial was improper under NRS 51.385 and was violative of his rights under the confrontation clause of the sixth amendment of the United States Constitution. Outside the jury's presence, prior to evidence being presented, the prosecution indicated its intention to offer hearsay statements of the victim. The prosecution stated that there was specific statutory authorization for admission of the hearsay statements under NRS 51.385 and that if defense counsel did not object, no hearing on the statements' trustworthiness need be held. Defense counsel did not object to the admission of the hearsay statements largely because the statements had been previously admitted in a custody proceeding in juvenile court. No finding with respect to reliability or trustworthiness was made by the court, and five witnesses were allowed to testify regarding hearsay statements made by the victim.

NRS 51.385 was adopted in 1985 and has yet to be interpreted by this court. The statute's plain language requires that a hearing as to trustworthiness be held prior to admission of the child's hearsay statements. NRS 51.385 reads in pertinent part as follows:

> 1. In addition to any other provision for admissibility made by statute or rule of court, a statement made by a child under the age of 10 years describing any act of sexual conduct performed with or on the child is admissible in a criminal proceeding regarding that sexual conduct if the:
>
> (a) Court finds, *in a hearing out of the presence of the jury,* that the time, content and circumstances of the statement provide sufficient circumstantial guarantees of trustworthiness; and
>
> (b) Child either testifies at the proceeding or is unavailable or unable to testify.

(Emphasis added.)

NRS 51.385 clearly requires a hearing for the purpose of determining the trustworthiness of the offered hearsay statements prior to the statements being brought before the jury.[1] The State contends that the hearing is required only if the defendant objects to the introduction of the hearsay. This contention is simply not consistent with the clear language of NRS 51.385, which allows hearsay statements only if the "court finds, in a hearing out of the presence of the jury" sufficient guarantees of trustworthiness. The admission of the child-victim's hearsay statements without a hearing to determine trustworthiness was not made in accordance with the specific requirements of NRS 51.385.

Whether the admission of the statements without some showing in a judicial hearing of their trustworthiness was violative of appellant's confrontation clause rights as they were recently interpreted in Idaho v. Wright, ...... U.S. ......, 110 S.Ct. 3139 (1990), need not be addressed, because the mandatory language of NRS 51.385 was not complied with by the district court. We conclude that the district court's failure to follow the specific requirements of NRS 51.385 alone justifies the reversal of appellant's convictions.

Appellant makes other contentions on appeal including a claim of ineffective assistance of counsel. These contentions need not be addressed based upon our finding of reversible error with respect to the requirements of NRS 51.385.

Based upon the lower court's failure to conduct a hearing under NRS 51.385 prior to the admission of the hearsay testimony, we hereby reverse appellant's convictions and remand the case to the district court for retrial in strict compliance with the language of NRS 51.385.

STEFFEN, J., with whom MOWBRAY, C. J., joins, dissenting:

Although there may be a proper basis for eventually granting a new trial to Lytle, I differ with my brethren in the majority in three primary areas: (1) the admissibility of the hearsay; (2) the interpretation of NRS 51.385; and (3) the result reached. I am therefore compelled to dissent.

THE ADMISSIBILITY OF THE HEARSAY. Five witnesses provided hearsay statements attributable to the child-victim. Defense counsel not only failed to object to any of the hearsay testimony, he affirmatively stated before it was ever introduced

---

[1]Under the opening phrase of NRS 51.385(1), this hearing is required unless the hearsay is otherwise admissible under a recognized exception to the hearsay rule. No such exception was mentioned by the trial judge, and we conclude that the hearsay statements admitted in this case do not fit any recognized hearsay exceptions.

that he would not object to its admission. In a hearing outside the presence of the jury, the prosecutor declared his intention to introduce the hearsay evidence. Defense counsel, according to the majority, did not object "largely because the statements had been previously admitted in a custody proceeding in juvenile court." Whether counsel was laboring under a mistaken impression of the law in withholding his objection should be of no moment in our decision. The point to be emphasized is that defense counsel in effect stipulated to the admissibility of the hearsay and the trial court had no duty to overrule him on the point. Our criminal justice system is of an adversary rather than inquisitorial nature, and the trial umpire was under no obligation to withhold effect to defense counsel's determination.

Given the fact that the hearsay testimony was admitted with the concurrence of defense counsel, it was rightfully considered as substantive evidence along with other appropriately admitted evidence in the trial proceeding. *See* Spiller v. Atchison, 253 U.S. 117, 130-31 (1920) (hearsay evidence admitted without objection to be considered and given natural probative effect as if it were in law admissible). *See also* Sherwood v. Sissa, 5 Nev. 349, 354-55 (1870) ("[i]f evidence . . . hearsay in its character be admitted without objection, no advantage can be taken of the fact afterwards, and the jury may, indeed should, accept it as if it was admissible under the strictest rules of evidence"). If the prosecutor had attempted, during trial, to elicit hearsay testimony from a witness based upon a hearsay exception not attributable to NRS 51.385, and defense counsel had affirmatively declared his lack of objection, surely this court would not have concluded that the trial judge was nevertheless required to convene a hearing and have defense counsel justify the lack of objection. Generally, trials are not conducted in a manner requiring frequent interruption and validation of counsels' decisions by the trial judge. In the context of criminal trials, if defense counsel makes a strategic choice later subject to question, the remedy is post-conviction review by the district court under an ineffective assistance of counsel analysis. I fail to see why the result should be any different under the circumstances present here, where the district judge was prepared to hear justification for the admission of the hearsay testimony and defense counsel conceded its admissibility.

Moreover, we should not entertain this issue on appeal under the recognized exception that permits review notwithstanding waiver where a defendant's constitutional right to a fair trial is at risk. *See* Sipsas v. State, 102 Nev. 119, 716 P.2d 231 (1986). Here, we not only have defense counsel's agreement to the admission of the hearsay testimony (as opposed to a mere failure to object), but additionally, Lytle also had the opportunity to

confront and cross-examine the hearsay declarant. The child-victim actually testified at trial and was subject to cross-examination concerning the accuracy of the admitted hearsay. Thus, the most fundamental reason for excluding hearsay—lack of an opportunity to test credibility in the crucible of adversarial examination—was not implicated in the instant case.

Moreover, as I shall attempt to illustrate hereafter, we are not in a position on this record to conclude that the hearsay testimony should not have been admitted despite defense counsel's considered determination not to object. I must therefore conclude that this court should respect the established general rule that objections not made are waived, McCullough v. State, 99 Nev. 72, 74, 657 P.2d 1157, 1158 (1983), especially where defense counsel affirmatively agreed not to object and Lytle was not deprived of his right of confrontation.

THE INTERPRETATION OF NRS 51.385. The majority concludes that "NRS 51.385 clearly requires a hearing for the purpose of determining the trustworthiness of the offered hearsay statements prior to the statements being brought before the jury." I am unable to agree with the quoted expression because I am uncertain as to its meaning and scope. I therefore suggest that the majority is either too imprecise or wrong in its conclusion. The quoted language in the majority opinion appears to disregard and therefore endanger the expansive qualifying language of the statute that reads "[i]n addition to any other provision for admissibility made by statute or rule of court . . . ." The majority's construction of the statute thus may be read to constrict, rather than expand, hearsay exceptions involving children. I suggest that the Legislature made clear its intent not to restrict statements attributable to child-victims ten years of age or younger where they would have otherwise been admissible under existing court rules or statutory provisions *other than* NRS 51.385. It is speculative whether, by one sweep of the pen, the majority has disenfranchised children ten years of age or younger from the benefit of other hearsay exceptions recognized by statute and the decisions of this court. I do not believe such a result can be validated under legislative intent or common sense, and therefore strongly disagree with the majority position if it means that any hearsay exception cited by the State as justification for the admissibility of hearsay testimony must first be sanctified by a trustworthiness hearing outside the presence of the jury.[1] *See* State v. Myatt, 697

[1] After the completion of this dissent, the majority draft was changed to include footnote 1. I am relieved to see that the majority does recognize that all other hearsay exceptions are available for use where applicable without resort to the hearing specified under NRS 51.385(1)(a). However, I fail to see how the majority may conclude, in the same footnote, that the "hearsay

P.2d 836 (Kan. 1985) (statute with similar effect as NRS 51.385 held to be new, additional exception to hearsay rule); State v. Slider, 688 P.2d 538 (Wash.App. 1984) (clear that other hearsay exceptions apply in addition to the exception provided by statute similar to NRS 51.385).

In brief, I do agree that if a prosecutor seeks to introduce hearsay testimony of a child-victim ten years of age or younger under the new hearsay exception created by NRS 51.385, a trustworthiness hearing is mandated under subsection (1)(a) of the statute. And, although I would not view a stipulation or concession of trustworthiness and admissibility by defense counsel as an exception to the hearing requirement, I would accord it the same respect as any other trial stipulation that eliminates the need to provide evidence concerning the matters covered by the stipulation or agreement of counsel. Indeed, if the State had sought to introduce hearsay testimony under NRS 51.075 (general exception based upon assurances of accuracy), I must assume that the reliability hearing required under NRS 51.385(1)(a) would not have been a requisite to the trial court's ruling on admissibility. *A fortiori,* no hearing should have been required under NRS 51.385(1)(a) when defense counsel affirmatively agreed not to object to admissibility. Both NRS 51.075 and NRS 51.385 deal with hearsay exceptions based upon assurances of trustworthiness.

THE RESULT. At the outset of this dissent, I suggested that Lytle eventually may be entitled to a new trial. The majority has accorded him that right prematurely based upon either what may be read to be a flawed interpretation of NRS 51.385 or a mistaken view of the trial court's duty in the face of a deliberate waiver by defense counsel, as suggested in the preceding points. Moreover, as previously noted, the child-victim was present, testified, and was cross-examined at trial, thereby satisfying constitutional concerns based upon a defendant's right of confrontation.

Although the prosecutor apparently cited NRS 51.385 as the basis for introducing the child-victim's hearsay statements, that statute, as previously mentioned, also reaffirms the allowance of

---

statements admitted in this case do not fit any recognized hearsay exceptions." Both NRS 51.385 and *the recognized exception,* NRS 51.075, require assurances of accuracy as a basis for admissibility. The established exception, NRS 51.075, refers to "assurances of accuracy," whereas the recently enacted exception, NRS 51.385, focuses on "sufficient circumstantial guarantees of trustworthiness." It is simply not possible for this court to responsibly determine on appeal that the hearsay statements at issue do not, as a matter of law, fit within the assurances of accuracy required by the former statutory exception, but that upon retrial and a hearing convened pursuant to the latter statute, they may be determined to offer "sufficient circumstantial guarantees of trustworthiness."

such statements under other exceptions provided by rule or statute. The district court did not enter a finding pursuant to NRS 51.385(1)(a) because defense counsel agreed that he would not contest the trustworthiness of the statements. At that point, I do not believe the district court judge was under any duty to disregard what was tantamount to a stipulation of trustworthiness and proceed with a hearing.

Moreover, this court is not in a position on appeal to determine whether the hearsay statements would have satisfied the weighing process under NRS 51.385(1)(a) to determine reliability or whether they would have been admissible under some other firmly established hearsay exception. I therefore suggest that such a determination should be left to the inevitable challenge of Lytle's conviction in the form of a post-conviction hearing based upon a claim of ineffective assistance of counsel.[2] On the occasion of such a hearing, the district court could fully consider whether the hearsay statements would have satisfied the requirements of NRS 51.385(1)(a) or some other hearsay exception if an inquiry had been made or an objection interposed prior to the introduction of such statements. If the lower court were to properly conclude that the hearsay statements would have survived a challenge prior to their introduction, Lytle will not have suffered prejudice either by their admission or the refusal to grant him relief in the form of a new trial.

For the reasons specified above, I respectfully dissent.

[2]I note that appellate counsel did not represent Lytle during trial.