CARLOS QUEVEDO, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 25579

January 3, 1997                              930 P.2d 750

*Patrick Gilbert,* Minden, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Scott W. Doyle,* District Attorney, *Kristine L. Brown,* Deputy District Attorney, Douglas County, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

Appellant Carlos Quevedo (Quevedo) was charged with seven counts of sexually assaulting his seven-year-old daughter. The charges were based on his daughter's reports that her father had been engaging in intercourse with her and also forcing her to perform fellatio upon him. The victim made these reports to her third-grade teacher and to a Douglas County sheriff's deputy. At trial, Quevedo's daughter testified, as did her teacher and the deputy who interviewed her. Quevedo was convicted on all seven counts. He was sentenced to seven life sentences, three of them to run consecutively.

The district court erred by not adhering to the mandate of NRS 51.385; consequently, the convictions must be reversed.

NRS 51.385 provides, in part:

> 1. In addition to any other provision for admissibility made by statute or rule of court, a statement made by a child under the age of 10 years describing any act of sexual conduct performed with or on the child is admissible in a criminal proceeding regarding that sexual conduct if the:
>
> (a) Court finds in a hearing out of the presence of the jury, that the time, content and circumstances of the statement

> provide sufficient circumstantial guarantees of trustworthiness; and
>
> (b) Child either testifies at the proceeding or is unavailable or unable to testify.

This court has held that NRS 51.385 "requires that a hearing as to trustworthiness be held prior to admission of the child's hearsay statements." Lytle v. State, 107 Nev. 589, 590, 816 P.2d 1082, 1083 (1991).

Both the victim's teacher, Susan Linn (Linn), and Sheriff's Deputy Paul Pabon (Pabon) testified as to statements made to them by Quevedo's daughter. These statements are hearsay. In *Lytle,* this court held that "NRS 51.385 clearly requires a hearing for the purpose of determining the trustworthiness of the offered hearsay statements prior to the statements being brought before the jury." 107 Nev. at 591, 816 P.2d at 1083 (footnote omitted).

*Lytle* is factually almost identical to this case. In *Lytle* the defendant was convicted of open and gross lewdness with his five-year-old stepdaughter. The victim in *Lytle* testified, as did the victim in this case. Additionally, hearsay statements made by the victim to her mother and to juvenile authorities were admitted in *Lytle.* These statements are similar to the statements made to Linn and Pabon in this case. This court concluded in *Lytle* that "the district court's failure to follow the specific requirements of NRS 51.385 [] justifies the reversal of appellant's convictions." *Id.*

We noted in *Lytle* that "[u]nder the opening phrase of NRS 51.385(1), this hearing is required unless the hearsay is otherwise admissible under a recognized exception to the hearsay rule." *Id.* at n.1. However, the statements made to Linn and Pabon do not fit into any of the recognized hearsay exceptions. In this case, the district judge did not mention any hearsay exception that would allow the statements, which was exactly the situation in *Lytle.* In fact, in *Lytle,* as in this case, no objection was made to the hearsay statements at trial. However, this court stated in *Lytle* that

> [t]he State contends that the hearing is required only if the defendant objects to the introduction of the hearsay. This contention is simply not consistent with the clear language of NRS 51.385, which allows hearsay statements only if the "court finds, in a hearing out of the presence of the jury" sufficient guarantees of trustworthiness.

*Id.* We conclude that *Lytle* is directly on point and is controlling in this case. It was clearly error for the district court to fail to hold the hearing to determine the trustworthiness of the hearsay

statements before allowing Linn and Pabon to testify. The convictions of Quevedo are therefore reversed, and the case is remanded to the district court for a new trial.

YOUNG and ROSE, JJ., concur.

STEFFEN, C. J., dissenting:

I strongly disapprove of the majority's perfunctory invocation of this court's fragile ruling in Lytle v. State, 107 Nev. 589, 816 P.2d 1082 (1991), as a basis for subjecting the child-victim in the instant case to the extreme trauma of another trial. I therefore dissent.

Especially troubling is the majority's apparent belief that any failure to hold a hearing pursuant to NRS 51.385 requires, under *Lytle,* an automatic reversal. The extreme, myopic deference accorded *Lytle* dispenses with all semblance of appellate review calculated to determine whether there was prejudicial error requiring this court to reverse the careful deliberations of a jury who heard all of the evidence. Indeed, the total lack of analysis by the majority in reaching the wooden decision to subject this child-victim to the trauma of another trial is most distressing.

It appears to me that several matters of concern should have given the majority pause before investing so little time in concluding that *Lytle* mandates an automatic reversal of what otherwise appears to be a fair and just trial. First, the majority should realize that the concerns expressed in *Lytle* are not of a constitutional magnitude where, as here, the child-victim testifies at trial and is available for full cross-examination. In Felix v. State, 109 Nev. 151, 175, 849 P.2d 220, 237 (1993), we concluded that:

> NRS 51.385 authorizes the admission of out-of-court CSA allegations made by child-declarants whether or not they testify. If a child does testify, admission of that child's prior consistent or inconsistent out-of-court statements does not violate the defendant's constitutional right to confrontation, so long as the child is subject to full and effective cross-examination concerning the statements.

Second, the majority should realize that NRS 51.385 was not enacted because of any belief that children are less trustworthy than older witnesses. To the contrary, the statute was enacted in order to *add* another hearsay exception that applies to children under ten years of age. *See* NRS 51.385 ("In addition to any other provision for admissibility made by statute or rule of court, a statement made by a child under the age of 10 years . . . is admissible . . . ."). Notwithstanding the policy underlying the statute, the majority blithely concludes that the hearsay state-

ments in the instant case would "not fit into any of the recognized hearsay exceptions." Given the nature of the child's testimony, and its inherent aura of trustworthiness, I have great difficulty understanding how the majority can so readily conclude, as a matter of law, that the hearsay statements do not fit within any recognized exceptions to the hearsay rule.

In considering the majority's naked conclusion that the hearsay statements in the present case would not fit into a recognized hearsay exception, I refer my brethren to our recent case of Bockting v. State, 109 Nev. 103, 847 P.2d 1364 (1993). In analyzing the constitutionality of NRS 51.385 under the constraints of Idaho v. Wright, 497 U.S. 805 (1990), we noted that the *Wright* court "determined that the Constitution does not impose a fixed set of procedural prerequisites to the admission of hearsay attributable to children." *Bockting,* at 109, 847 P.2d at 1368 (citing *Wright,* 497 U.S. at 822). We also noted that the *Wright* court identified several "non-exclusive" factors that were of significance in evaluating the reliability of hearsay statements attributable to children in child sex abuse cases. Among those listed in *Wright* were: "(1) spontaneity and consistency in repetition; (2) declarant's mental state; (3) use of unexpected terminology by child of a given age; and (4) absence of motive to fabricate." *Id.* We then stated: "Disavowing mechanical tests for determining particularized guarantees of trustworthiness, the [*Wright*] Court declared that 'the unifying principle is that these factors relate to whether the child declarant was particularly likely to be telling the truth when the statement was made.' " *Id.,* quoting *Wright,* 497 U.S. at 822.

I strongly suggest that under the circumstances of this case, the recognized hearsay exception, NRS 51.075, which requires assurances of accuracy, would likely validate the admissibility of the hearsay statements testified to by the victim's teacher, Susan Linn, and Deputy Sheriff Paul Pabon. Both statements are essentially consistent with the testimony of the child-victim at trial. Moreover, the child-victim was available for full cross-examination concerning the statements and the circumstances under which they were made. Moreover, virtually all of the factors identified in *Wright* as having significance in determining the reliability of the hearsay are strongly satisfied in this case.

The majority seem to justify their bare conclusion that the hearsay would not be accorded admissibility under recognized exceptions to the hearsay rule by noting that the trial judge did not "mention any hearsay exception that would allow the statements . . . ." Of course, the majority disregards the fact that defense counsel did not object to either of the hearsay statements. It thus appears that the majority now assumes that if defense

counsel fails to object to hearsay statements attributable to a child- victim under the age of ten years, the judge must either intervene and justify on the record why the statements are admissible notwithstanding a lack of objection, or the State must object to its own proffered testimony and then ask that the objection be overruled for reasons that the State must then specify.

I suggest that the majority's ruling turns the law on its head. Under usual circumstances where hearsay has been admitted without objection, we would not review that claim of error on appeal, but leave to post-conviction proceedings the question of whether counsel prejudiced the fairness of the trial by failing to object. At that time, a full hearing could focus on the issue of the admissibility of the hearsay and this court would thereafter have a complete record upon which to make an enlightened judgment on the issue. In these types of cases, where small children are victimized by the ordeal of trial alone, sound policy and procedure demand nothing less.

Finally, I fully agree with the dissenting analysis of my colleague JUSTICE SHEARING and join in her dissent. As she has concluded, even if we were to concede error as to the admission of the hearsay statements without a hearing, under the circumstances of this case, the error would clearly be harmless.

For the reasons abbreviated above, I dissent.

SHEARING, J., dissenting:

I would affirm Carlos Quevedo's conviction of seven counts of sexual assault. I disagree with the majority's position that the district court's failure to hold a "trustworthiness" hearing pursuant to NRS 51.385 before admitting the victim's hearsay statements requires reversal of the conviction.

First, I do not agree with this court's interpretation of NRS 51.385 expressed in Lytle v. State, 107 Nev. 589, 816 P.2d 1082 (1991), making a hearing mandatory even if counsel does not object to the evidence. NRS 51.385, like virtually every other rule in the evidence code, should be subject to waiver when there is no objection. I agree with the dissenting opinion in Lytle. 107 Nev. at 591-95, 816 P.2d at 1084-86. A proper objection is a prerequisite to this court's consideration of an issue on appeal. Lord v. State, 107 Nev. 28, 38, 806 P.2d 548, 554 (1991).

Second, even if it was error to admit the victim's hearsay statements without a hearing, it was harmless error. This case is very similar to Brust v. State, 108 Nev. 872, 839 P.2d 1300 (1992), in which this court held that the admission of the child victim's statements to a clinical psychologist without a "trustworthiness" hearing was harmless error. The child had testified and been subject to cross-examination at the trial, and the state-

ments were merely repetitive. In the instant case, both the victim's teacher and a sheriff's investigator testified to statements the child made to them consistent with her trial testimony. It is a waste of court resources to require a separate "trustworthiness" hearing when the court has already heard the child's testimony on direct and cross-examination; the district court is thereby in a superior position to determine "trustworthiness" without a separate hearing.

I also join in the dissent of JUSTICE STEFFEN.