NANCY MASON, Appellant, *v.* HOWARD
MASON, Respondent.

No. 31759

April 20, 1999

975 P.2d 340

*Law Offices of Clarence E. Gamble* and *Donna Williams,* Las Vegas, for Appellant.

*Dickerson Dickerson Consul & Pocker,* Las Vegas, for Respondent.

Before MAUPIN, AGOSTI and BECKER, JJ.

## OPINION

*Per Curiam:*

The parties to this appeal were divorced on April 24, 1996. The decree awarded primary custody of their minor child to appellant, subject to specified rights of respondent to visitation. The relationship between these parents prior to and subsequent to the divorce can only be described as contentious. In October of 1997, appellant moved the district court for leave to relocate the minor child to the state of Florida. The trial court held an extensive evidentiary hearing and denied the relocation application. The formal ruling made comprehensive findings of fact and conclusions of law which addressed all of the required factors set forth in Schwartz v. Schwartz, 107 Nev. 378, 383, 812 P.2d 1268, 1271 (1991).[1]

The trial court found that the threshold *Schwartz* factor, whether there was a good-faith basis for the move, had not been shown, in part because of appellant's long and documented history of actions taken in frustration of respondent's visitation and parental bonding with his son. The court also, in the alternative, analyzed all five of the *Schwartz* factors, including whether a reasonable alternate visitation plan had been presented. The district court specifically found that appellant's frustration of the parental relationship between respondent and the child would continue

---

[1](1) the extent to which the move is likely to improve the quality of life for both the children and the custodial parent; (2) whether the custodial parent's motives are honorable, and not designed to frustrate or defeat visitation rights accorded to the noncustodial parent; (3) whether, if permission to remove is granted, the custodial parent will comply with any substitute visitation orders issued by the court; (4) whether the noncustodian's motives are honorable in resisting the motion for permission to remove, or to what extent, if any, the opposition is intended to secure a financial advantage in the form of ongoing support obligations or otherwise; (5) whether, if removal is allowed, there will be a realistic opportunity for the noncustodial parent to maintain a visitation schedule that will adequately foster and preserve the parental relationship with the noncustodial parent.

from long distance, thus rendering inadequate any alternate visitation arrangement established if relocation was granted. From this, the trial court reasoned that the proposed structure for alternate visitation was inadequate.

We now take the opportunity to further elaborate on our jurisprudence in this area. We conclude that the frustration of the non-moving parent's parental relationship may be part of the calculus of the final *Schwartz* factor, that being whether, assuming all of the other factors have been considered, reasonable alternate visitation is available.[2]

Our previous rulings on these issues clearly establish that disruption of a non-custodial parent's visitation schedule by itself is an insufficient basis for denying a removal petition. *See* Gandee v. Gandee, 111 Nev. 754, 895 P.2d 1285 (1995). Thus, the trial court correctly concluded that its focus was not whether a modification of the current visitation schedule would result. Rather, the trial court determined the issue to be whether the alternate or substitute visitation schedule presented to it would provide sufficient opportunity to maintain, foster, and preserve the relationship between the child and the non-custodial parent. The trial court went on to specifically find:

> [W]ithout the frequent, substantial contact between the Defendant and his son, their relationship will be undermined due to the Plaintiff's conduct, demeanor and anger toward the Defendant. A move would jeopardize the Defendant's relationship with [Ryan]. Thus, because reasonable, substitute visitation is not available, the . . . request for relocation must be denied.

We conclude that the trial court's findings, that the threshold showing of good faith had not been made, and that reasonable substitute visitation was not available, are supported by substan-

---

[2]Intent to frustrate the non-relocating parent's relationship has previously been determined to be an issue in terms of whether the ''threshold'' showing of good faith has been shown. *See* Jones v. Jones, 110 Nev. 1253, 1261, 885 P.2d 563, 569 (1994). In this connection we note that, notwithstanding some degree of intent to frustrate the non-moving parent's visitation, a court could conceivably find, on balance, a good faith reason for a proposed move. For example, the petitioning parent may have a concrete job offer in another state. That was not shown here as noted by the trial court. However, assuming that a trial court in such a case draws such a balance and finds that the threshold requirement of good faith has been satisfied, the issue of the moving party's propensity to frustrate visitation would, by our ruling today, be relevant to the fifth *Schwartz* factor.

tial evidence. *See* Blaich v. Blaich, 114 Nev. 1446, 971 P.2d 822 (1998); McGuinness v. McGuinness, 114 Nev. 1431, 970 P.2d 1074 (1998). Thus, the district court properly followed the analytical construct of *Schwartz* in resolving the motion to relocate below.[3]

We therefore affirm the judgment of the district court.[4]

---

[3]In addition to the findings discussed in this opinion, the trial court found that appellant failed to adequately demonstrate improvement of her and the child's quality of life; appellant's motives, punishment and frustration of respondent's visitation rights, were not honorable; and respondent's motives in resisting the move were honorable. While a parent's desire to frustrate visitation rights enjoyed by the other overlap to several of the *Schwartz* factors, the purpose of our decision today is to focus on the fifth *Schwartz* factor, the availability of adequate, alternate visitation. *See,* Trent v. Trent, 111 Nev. 309, 315-16, 890 P.2d 1309, 1313 (1995).

[4]Appellant also assigns as error the refusal of the trial court to modify the provisions in the divorce decree relative to child support. We find no error in this regard.