**130 Nev., Advance Opinion 24**
IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
JARVIS DEER CANTSEE,
Respondent.

No. 59121

**FILED**

APR 03 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion to suppress evidence in a criminal case. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

*Reversed and remanded.*

Catherine Cortez Masto, Attorney General, Carson City; Richard A. Gammick, District Attorney, and Joseph R. Plater, Chief Deputy District Attorney, Washoe County, for Appellant.

Jeremy T. Bosler, Public Defender, and Christopher P. Frey, Deputy Public Defender, Washoe County, for Respondent.

BEFORE HARDESTY, PARRAGUIRRE and CHERRY, JJ.

*OPINION*

By the Court, HARDESTY, J.:

In this appeal, we must determine whether a police officer's citation to an incorrect statute is a mistake of law that invalidates an investigatory traffic stop under the Fourth Amendment to the United States Constitution. Respondent Jarvis Deer Cantsee was charged with a

14-10521

felony DUI after being pulled over for driving with a cracked windshield. Deputy Wendy Jason, the investigating officer, testified that she stopped Cantsee because his cracked windshield violated NRS 484D.435. However, NRS 484D.435 does not prohibit operating a vehicle with a cracked windshield.[1] Although the cracked windshield could violate another statute, the district court concluded that Deputy Jason's incorrect citation constituted a mistake of law that invalidated the investigatory stop under the Fourth Amendment and granted Cantsee's motion to suppress the evidence obtained from the traffic stop. We conclude that a police officer's citation to an incorrect statute is not a mistake of law that invalidates an investigatory traffic stop under the Fourth Amendment if another statute nonetheless prohibits the suspected conduct. Therefore, we reverse the district court's order.

## FACTS

Deputy Jason pulled over Cantsee after she observed him driving past her in the opposite direction with a "crack across the windshield." Upon pulling him over, Deputy Jason observed that Cantsee appeared to be intoxicated. Cantsee failed the field sobriety and breathalyzer tests, and a subsequent blood test revealed that his blood alcohol levels were above the legal limit. Although Deputy Jason arrested him for felony DUI, violating Nevada's open container law, failing to have car insurance, and driving with a cracked windshield, she confirmed at the preliminary hearing that her sole reason for stopping Cantsee was the cracked windshield.

---

[1]NRS 484D.435(1) prohibits driving a vehicle "with any sign, poster or other nontransparent material upon the front windshield."

Cantsee filed a motion to suppress on the ground that Deputy Jason's reason for pulling him over was a mistake of law that invalidated the investigatory traffic stop under the Fourth Amendment. He relied on Deputy Jason's citation to NRS 484D.435 that justified stopping him for driving with a cracked windshield because that statute does not prohibit that conduct. In opposition, the State initially argued that the stop was justified for either one of two reasons: first, that a windshield crack would satisfy the reasonable suspicion standard for a possible NRS 484D.435 violation or second, that the windshield crack constituted a safety hazard.

At the hearing on the motion to suppress, Deputy Jason testified that she thought Cantsee had violated NRS 484D.435 when she pulled him over. She also stated that she knew at the time of the hearing that NRS 484D.435 was not the correct statute, but that she was never trained to give specific NRS statute numbers whenever she stopped a vehicle. The State then argued for the first time that NRS 484B.163(3),[2] rather than NRS 484D.435, justified the traffic stop. Cantsee objected and argued that the State waived its right to argue NRS 484B.163(3) because this argument was not included in the State's opposition to the motion to suppress. Cantsee also objected to any testimony that the crack in the windshield provided a reasonable suspicion of a violation of NRS 484B.163(3). The court sustained Cantsee's objection and limited the scope of Deputy Jason's testimony to whether the crack in the windshield constituted a safety hazard.

---

[2]NRS 484B.163(3) states that "a vehicle must not be operated upon any highway unless the driver's vision through any required glass equipment is normal."

The district court granted the motion to suppress, finding that the investigatory traffic stop based on NRS 484D.435 was not objectively reasonable because that statute does not prohibit driving with a cracked windshield. The court further concluded that the State's arguments as to NRS 484B.163 "unfairly surprised" Cantsee. Thus, the court deemed the State's argument waived because the State did not show good cause as to why it did not mention the statute in its opposition. The State appeals.

## DISCUSSION

The State raises two arguments on appeal: (1) Deputy Jason's citation to the wrong statute is not a mistake of law that invalidates the investigatory traffic stop under the Fourth Amendment; and (2) the State did not waive its right to argue that NRS 484B.163(3) justified the traffic stop.

*The traffic stop was valid under the Fourth Amendment*

Whether an officer's citation to an incorrect statute is a mistake of law that invalidates an investigatory traffic stop under the Fourth Amendment is an issue of first impression in Nevada. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. U.S. Const. amend. IV. Whether an investigatory traffic stop violates the Fourth Amendment's prohibition against unreasonable searches and seizures is a mixed question of law and fact. *Somee v. State*, 124 Nev. 434, 441, 187 P.3d 152, 157 (2008). This court "review[s] the district court's findings of historical fact for clear error [and] the legal consequences of those factual findings de novo." *Id.* at 441, 187 P.3d at 157-58.

To justify an investigatory traffic stop under the Fourth Amendment, the State must show that the investigating officer had reasonable suspicion that the defendant was engaged in criminal activity.

*State v. Rincon*, 122 Nev. 1170, 1173, 147 P.3d 233, 235 (2006). When the traffic stop is based on a mistake of law, there is generally no justification for the investigatory traffic stop regardless of the reasonableness of the mistake. *See United States v. King*, 244 F.3d 736, 739 (9th Cir. 2001). A mistake of law occurs when an officer believes that the suspected conduct is illegal even though the law does not actually prohibit it. *See United States v. Twilley*, 222 F.3d 1092, 1096 (9th Cir. 2000).

But there is a difference between a mistake of law and a mistake as to *which law* applies. The incorrect application of a statute is not a mistake of law when the law prohibits the suspected conduct. An example of such a scenario is addressed in *United States. v. Wallace*, 213 F.3d 1216, 1220-21 (9th Cir. 2000). In *Wallace*, the officer pulled the defendant over for having tinted front windows because the officer believed that California law prohibited all front window tints when in fact California law only prohibited window tints past a certain degree of light transmittance. *Id.* at 1220. The Ninth Circuit Court of Appeals held that the traffic stop was constitutionally valid even though the officer was mistaken about the law because the officer's observations about the heavy tint obstructing the view into the vehicle "correctly caused him to believe that Wallace's window tinting was illegal; he was just wrong about exactly why." *Id.* The Ninth Circuit reasoned that police officers are not attorneys, and "[t]he issue is not how well [the officer] understood California's window tinting laws, but whether he had objective, probable cause to believe that these windows were, in fact, in violation." *Id.* at 1220. The Ninth Circuit held that this was not a mistake of law which would invalidate the stop under the Fourth Amendment, stating that "[t]he circumstances here stand in sharp contrast to cases in which the

defendant's conduct does not in any way, shape or form constitute a crime."[3] *Id.*

We agree with the reasoning of the Ninth Circuit. Deputy Jason initiated the traffic stop because of the cracked windshield. She cited Cantsee for violating NRS 484D.435(1), believing that it was the applicable statute. She was mistaken. NRS 484D.435(1) prohibits driving a vehicle "with any sign, poster or other nontransparent material upon the front windshield." Although this statute does not prohibit Cantsee's conduct, a crack that obstructs the driver's vision through the windshield could be an infraction under NRS 484B.163(3). We conclude that this statute provides a lawful ground to justify the stop because the crack in the windshield might have obstructed Cantsee's view. Therefore, Deputy

---

[3]Many jurisdictions have reached similar conclusions. *See, e.g.,* *United States v. Eckhart*, 569 F.3d 1263, 1272 (10th Cir. 2009) (holding that an investigating "officer need not be able to quote statutes" and that "[s]ome confusion about the details of the law may be excused so long as there was . . . reasonable articulable suspicion that [an actual] traffic . . . violation has occurred" (third alteration in original) (internal quotations omitted)); *In re Justin K.*, 120 Cal. Rptr. 2d 546, 550 (Ct. App. 2002) (holding that "an officer's reliance on the wrong statute does not render his actions [constitutionally] unlawful if there is a right statute that applies to the defendant's conduct"); *State v. Munoz*, 965 P.2d 349, 352 (N.M. Ct. App. 1998) (holding that a traffic stop was constitutional despite the investigating officer's citation to the wrong statute because the conduct observed actually violated a different statute); *State v. Heien*, 737 S.E.2d 351, 354-55 (N.C. 2012) (noting that North Carolina will uphold a traffic stop based on an officer's mistake as to which law applies if "the totality of the circumstances indicates that there is reasonable suspicion that the person stopped is violating some other, actual law"); *State v. Higley*, 237 P.3d 875, 878 (Or. Ct. App. 2010) (holding that "a stop is lawful even if the officer who executes it does so under the mistaken belief that the defendant has violated one law if the facts the officer perceives amount to a violation of a different law").

Jason's mistake was not a mistake of law, but a mistake as to *which* law applied. Accordingly, we conclude that the district court erred in finding that Deputy Jason's citation to the incorrect statute was a mistake of law that invalidated the traffic stop under the Fourth Amendment.[4] However, a question remains as to whether the State waived its right to argue that NRS 484B.163(3) justifies the traffic stop because it failed to include the statute in its opposition to the motion to suppress and raised it for the first time during the suppression hearing.

*The State did not waive its right to argue that NRS 484B.163(3) justified the investigatory traffic stop*

Whether the State waived its right to argue that NRS 484B.163(3) justified the traffic stop is a question of law. *See Nev. Gold & Casinos, Inc. v. Am. Heritage, Inc.*, 121 Nev. 84, 89, 110 P.3d 481, 484 (2005). This court reviews the district court's legal conclusions de novo. *Somee*, 124 Nev. at 441, 187 P.3d at 157-58.

We are not aware of any authority stating that the failure to include a statute in an opposition to a motion to suppress waives the right to argue that statute at a subsequent hearing. Nevada does have statutes and rules of local practice providing that the failure to file a motion to suppress or an *opposition* to a motion to suppress waives argument. *See* NRS 174.105(2) (failure to file a motion to suppress prior to trial waives exclusionary rule argument); DCR 13(3) (failure to file an opposition to a motion "may be construed as an admission that the motion is

---

[4]We do not address the State's argument that NRS 484D.570(1)(b) also justifies the traffic stop because it was not raised before the district court. *See Walch v. State*, 112 Nev. 25, 30, 909 P.2d 1184, 1187 (1996) ("[I]f a party fails to raise an issue below, this court need not consider it on appeal.")

meritorious"). But, there is no rule, statute, or other authority providing that failure to include an argument in a timely filed opposition is grounds for finding a waiver of that argument. Further, although new arguments may not be raised for the first time on appeal, *see Walch v. State*, 112 Nev. 25, 30, 909 P.2d 1184, 1187 (1996), we see no reason why an argument on an issue may not be raised for the first time before the district court in a hearing held prior to trial.

The district court found that the State waived its right to argue this statute because raising it for the first time at the hearing unfairly surprised Cantsee. However, we are also unaware of any authority providing that the State may not direct the district court to a controlling statute solely because doing so will surprise the defendant. In addition, although Cantsee stated that he was not prepared to argue NRS 484B.163, he did not indicate how the addition of this statute prejudiced him. Given that the reason for justifying the traffic stop remained the same, *i.e.*, that the cracked windshield may have obstructed Cantsee's view, it is unclear what prejudice could have resulted from arguing that NRS 484B.163(3) rather than NRS 484D.435(1) justified the traffic stop when both of these statutes involve obstruction of the driver's view. *Cf. Viray v. State*, 121 Nev. 159, 162-63, 111 P.3d 1079, 1082 (2005) (holding that "[a]n inaccurate information does not prejudice a defendant[ ] . . . if the defendant had notice of the State's theory of prosecution").

And, even if Cantsee was unfairly surprised, "[t]he remedy for prejudicial surprise resulting in a defendant's inability to present his defense adequately is a continuance." *Zessman v. State*, 94 Nev. 28, 32, 573 P.2d 1174, 1177 (1978) (determining that the district court violated defendants' due process rights when it orally amended the information

immediately prior to trial but then denied defendants' motion to continue the trial). Here, the district court did not continue the hearing or request supplemental briefing. Therefore, even if the State unfairly surprised Cantsee when it raised NRS 484B.163 for the first time at the hearing, we conclude that the district court erred in concluding that the State waived its right to argue this statute rather than continuing the hearing.[5]

*The district court did not decide whether Deputy Jason had reasonable suspicion to stop Cantsee*

The dissent argues that we should not remand this decision to the district court, but rather grant deference to the district court's determination that the crack in the windshield was not a violation of NRS 484.163(3). We disagree. Whether Deputy Jason had reasonable suspicion to stop Cantsee for an NRS 484B.163(3) violation is a much different question than whether she had reasonable suspicion to stop him for a safety hazard or whether he actually violated NRS 484B.163(3). An officer has reasonable articulable suspicion "if there are specific, articulable facts supporting an inference of criminal activity." *State v. Rincon*, 122 Nev. 1170, 1173, 147 P.3d 233, 235 (2006); *Walker v. State*, 113 Nev. 853, 865, 944 P.2d 762, 770 (1997) ("The officer must be able to point to specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant intrusion."). To determine whether an officer objectively had reasonable articulable suspicion, "the evidence is viewed under the totality of the circumstances and in the context of the law enforcement officer's training and

[5]Given our conclusions in this opinion, we decline to address the State's remaining arguments on appeal.

experience." *Rincon*, 122 Nev. at 1173-74, 147 P.3d at 235. Here, the district court limited the scope of the evidentiary hearing on the motion to suppress to the issue of whether a safety hazard justified the stop. Further, the order did not analyze whether Deputy Jason had a reasonable suspicion to stop Cantsee for a possible NRS 484B.163(3) violation.

The district court specifically stated on the record that the scope of Deputy Jason's testimony at the evidentiary hearing would be limited to the issue of safety. As a result, neither attorney elicited testimony from Deputy Jason about the circumstances surrounding Cantsee's stop or any other facts about what she observed during her initial contact with him. While some of these facts were addressed at the preliminary hearing, the district court's decision to limit the scope of the hearing foreclosed any consideration of Deputy Jason's testimony from the preliminary hearing. The district court specifically noted at the end of its order that after the suppression hearing, "the historical facts known to the deputy at the time of the traffic stop [were] unclear[,]" such that it "prevent[ed] the [district court] from assessing *whether* the stop could have been independently justified under NRS 484B.163" (emphasis added). If the district court had held an evidentiary hearing on whether Deputy Jason had reasonable suspicion that Cantsee violated NRS 484B.163(3), then the district court likely would have been able to make a determination on this issue. Multiple courts have upheld stops premised on an officer observing a windshield crack. *See State v. Galvan*, 37 P.3d 1197, 1201 (Utah Ct. App. 2001) (citing several courts that have upheld traffic stops based on windshield cracks).

Supreme Court
OF
Nevada

(O) 1947A

10

Accordingly, we reverse the district court's order, and we remand this matter for further proceedings consistent with this opinion.

_____, J.
Hardesty

I concur:

_____, J.
Parraguirre

SUPREME COURT
OF
NEVADA

(O) 1947A

CHERRY, J., dissenting:

I dissent from the majority's decision because I believe that the district court, despite some errant legal analysis, explicitly found that the facts did not support the State's argument. The district court rejected the State's factual contention that Deputy Jason could have reasonably suspected that Cantsee was violating NRS 484B.163 at the time of the traffic stop. This court should defer to the district court's findings of fact. Accordingly, I would affirm.

There are two issues in this appeal. The first is a legal issue and is adequately addressed by the majority. It is undoubtedly correct that a mistaken application of law does not make a traffic stop illegal, where the conduct observed is actually prohibited by the law. *See United States v. Wallace*, 213 F.3d 1216, 1220-21 (9th Cir. 2000). The second issue is factual. Did the officer possess a reasonable suspicion, at the time of the stop, that the conduct observed was actually prohibited by law? If so, then the stop was justified. The majority ignores the district court's findings on this second issue and remands the case for a repeat consideration of it.

A district court's findings of fact in a suppression hearing are reviewed for clear error. *State v. Lisenbee*, 116 Nev. 1124, 1127, 13 P.3d 947, 949 (2000). Under this standard of review, "factual determinations . . . are given deference on appeal if they are supported by substantial evidence." *Goudge v. State*, 128 Nev. ___, ___, 287 P.3d 301, 304 (2012). This is a lenient standard: "Substantial evidence is 'evidence that a reasonable mind might accept as adequate to support a conclusion.'" *Thompson v. State*, 125 Nev. 807, 816, 221 P.3d 708, 715 (2009) (quoting *Brust v. State*, 108 Nev. 872, 874-75, 839 P.2d 1300, 1301 (1992)).

The district court apparently went on to decide the factual issue, whether Deputy Jason possessed a reasonable suspicion that Cantsee's conduct was illegal, even though its legal analysis obviated the need to do so. The district court stated that *"even if"* the court's legal analysis were ignored, the State's "contention that NRS 484B.163 alternatively justifies the stop would be difficult to sustain on the record" (emphasis added). The district court unequivocally found that Deputy Jason did not suspect that Cantsee was violating NRS 484B.163: "Although, at the hearing the State attempted to justify this traffic stop under an alternative statute . . . this Court finds that the deputy did not believe Mr. Cantsee had violated another applicable statute." The district court found not only that Deputy Jason did not reasonably suspect that Cantsee was committing a crime, but also that Deputy Jason could not have reasonably suspected as much. The district court found that "there was no evidence that the crack was positioned in Mr. Cantsee's field of vision, or actually obstructed his 'normal' view of the road." This finding is a death blow to the State's argument that Deputy Jason, at the time of the stop, could have reasonably suspected that Cantsee was violating NRS 484B.163(3) (prohibiting the operation of a vehicle on a highway "unless the driver's vision through any required glass equipment is *normal*" (emphasis added)).

The district court also made a finding as to the credibility of Deputy Jason's testimony. The district court found that "[w]hile the deputy claimed that the crack in the windshield went all the way across and up on the passenger side . . . . the deputy acknowledged describing the crack in the past as only six to eight inches." The court went on to say that the lack of clarity resulting from Deputy Jason's contradictory

statements prevented the court from determining that the stop was justified under NRS 484B.163.[1] Hence, the district court incorrectly decided the legal issue, but then declared that even had it decided the legal issue in favor of the State, the facts did not support the State's ultimate position.

The State appears, at least to some extent, to be aware that this court should defer to the district court's finding that the facts did not justify a stop under NRS 484B.163(3). At oral argument, the State proffered the extraordinary opinion that *any* crack in a windshield justifies a reasonable suspicion that the driver is violating NRS 484B.163(3) and, therefore, that the district court legally erred by not finding the cracked windshield to be sufficient to justify a stop. *See* Oral Argument at 07:45, *State v. Cantsee*, Docket No. 59121 (Sept. 18, 2013), *available at* http://goo.gl/wuT7qW ("Our position is [that] the field of vision constitutes the entire windshield."). The State evidently believes that the

---

[1]The majority points out that the district court narrowed the scope of the evidentiary hearing to the safety hazard issue. It goes on to say that, had the district court held an evidentiary hearing on the NRS 484B.163 issue, the court might have been able to make a determination as to whether the stop was justified. But the decision whether to hold an evidentiary hearing is within the discretion of the district court; the State does not have an a priori right to an evidentiary hearing on a motion to suppress. *See Cortes v. State*, 127 Nev. ___, ___, 260 P.3d 184, 187 (2011). Furthermore, the district court noted the contradictions in Deputy Jason's testimony. I fail to see how remanding for another hearing with an expanded scope might make her testimony more credible.

district court's factual determination, that there was a crack in the windshield but that it did not obstruct Cantsee's normal vision, was legal error because any crack in a windshield obstructs vision and thereby violates NRS 484B.163(3).[2] In making this argument, the State implicitly accepts the district court's findings and asks this court to evade them by generously construing the statute in the State's favor.

The fact that the district court made a determination in the alternative is nothing new. We regularly affirm district court decisions that were decided on alternative grounds. *See, e.g., Mason v. Mason*, 115 Nev. 68, 69-71, 975 P.2d 340, 341 (1999) (affirming on one of the alternate grounds for the district court's ruling). This court reviews the district court's judgment, not its opinion: "It is well settled that the opinion of the trial judge is no part of the judgment roll, and that it can only be used to aid this court in the proper determination of the appeal." *Hunter v. Sutton*, 45 Nev. 430, 439, 205 P. 785, 787 (1922). We do not reverse a correct judgment merely because the opinion contained some extraneous errors.

The facts, as found by the district court, show that Deputy Jason could not have formed an objectively reasonable suspicion that Cantsee was violating the law at the time of the traffic stop. These findings warrant deference. I would affirm the district court's order suppressing the evidence acquired from the illegal stop.

_____, J.
Cherry

---

[2]Of course, this argument is troubling; its adoption would make any citizen who was the victim of a pebble lodged in a windshield, a frequent occurrence on those long drives across our vast state, susceptible to a traffic stop.

SUPREME COURT
OF
NEVADA

(O) 1947A

4